FILED
AUG 29 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ MM _____ DEP CLK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## NORTHERN DIVISION

No. 2:25-cv-00041-M

**DERENCE V. FIVEHOUSE,**

Plaintiff,

v.

**U.S. DEPARTMENT OF DEFENSE; DEFENSE HEALTH AGENCY;** HON. PETE HEGSETH, in his official capacity as Secretary of Defense; and DR. DAVID J. SMITH, in his official capacity as Acting Director, Defense Health Agency,

Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Jurisdiction and Venue**

1. This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

2. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in Chowan County, North Carolina, within the Northern Division of this Court, and Defendants are agencies of the United States and officers thereof.

**Parties**

3. Plaintiff Derence V. Fivehouse is a resident of Edenton, Chowan County, North Carolina, and a TRICARE For Life beneficiary. He brings this action pro se.

4. Defendant U.S. Department of Defense is a cabinet department of the United States government headquartered in Washington, D.C.

5. Defendant Defense Health Agency ("DHA") is a component of the Department of Defense responsible for administering the TRICARE program.

6. Defendant Hon. Pete Hegseth is the Secretary of Defense and is sued in his official capacity.

7. Defendant Dr. David J. Smith is the Acting Director of DHA and is sued in his official capacity.

**Nature of the Action**

8. This case challenges the Defense Health Agency's ("DHA") August 31, 2025 policy change that excludes TRICARE For Life ("TFL") beneficiaries from coverage of GLP-1 medications for the weight-management indication while retaining that same indication for TRICARE Prime and TRICARE Select—even though the same, uniform prior-authorization ("PA") criteria apply. Without amending the governing pharmacy statute or regulation, DHA now cuts off TFL (and invalidates previously approved non-Prime/Select PAs) effective August 31, 2025. This causes a plan-based split inside a uniform pharmacy program and is contrary to law and arbitrary and capricious.

**Factual Allegations**

9. Congress established a single, integrated pharmacy benefits program with a uniform formulary and expressly authorized prior authorizations to assure clinically appropriate use. 10 U.S.C. § 1074g.

10. DoD implemented that structure in 32 C.F.R. § 199.21. In implementing the TRICARE Senior Pharmacy Program for the Medicare-eligible cohort (now TFL), DoD stated that this cohort receives "the same coverage for pharmacy services" and the same cost-sharing framework. 67 Fed. Reg. 15721, 15735 (Apr. 3, 2002).

11. Since May 2, 2018, TRICARE administered GLP-1 weight-management coverage program-wide through the TRICARE Pharmacy Benefits Program under a single, clinical PA gate. These uniform PA criteria included BMI thresholds, comorbidities, documented lifestyle program, step-therapy, and safety screens, applied equally across all beneficiary categories, including TFL.

12. In 2017, DoD promulgated a managed-care (services) rule at 32 C.F.R. § 199.17(f)(3) providing that, notwithstanding 10 U.S.C. § 1079(a)(10), treatment of obesity is covered under TRICARE Prime and TRICARE Select. That rule is on the medical side and does not amend or authorize plan-based outcomes in the pharmacy rule (§ 199.21). The regulation also states that TFL rules are unaffected by § 199.17 and are governed elsewhere. 32 C.F.R. § 199.17(a)(6)(i)(C).

13. On August 5, 2025, DHA announced "regulatory controls" effective August 31, 2025: Prime/Select remain eligible for GLP-1s for weight management (subject to PA), but previously approved non-Prime/Select PAs are no longer valid and TFL is excluded for that indication.

14. In making this change, DHA cited no amendment to 10 U.S.C. § 1074g or 32 C.F.R. § 199.21 authorizing a plan-based split inside the pharmacy program. The existence of 10 U.S.C. § 1074g or 32 C.F.R. § 199.21 when DoD promulgated 32 C.F.R. § 199.17(f)(3) precluded any program changes that created a plan-based split in pharmacy coverage for any TRICARE covered individual. The determination by DoD to limit the extension of treatment for weight

loss for obesity to Prime/Select when not required to do so by law created the conflict with the integrated pharmacy and uniform formulary required by 10 U.S.C. § 1074g and implemented through 32 C.F.R. § 199.21 – and any attempt to use 32 C.F.R. § 199.17(f)(3) to force a plan-based change in benefits is unlawful

**Claims for Relief**

Count I – APA: Contrary to Law / In Excess of Authority (5 U.S.C. § 706(2)(A), (C))

15. Defendants' policy excluding TFL beneficiaries from GLP-1 coverage for weight management while allowing coverage for Prime/Select under the same PA criteria is not in accordance with law and exceeds statutory and regulatory authority.

Count II – APA: Arbitrary and Capricious (5 U.S.C. § 706(2)(A))

16. Defendants' reversal from a uniform, program-wide GLP-1 PA regime (including TFL) to a plan-based exclusion, without amending § 199.21 and without a reasoned explanation reconciling the change with the pharmacy rule's clinical-only tools, the MTF "all categories" clause, or beneficiaries' reliance interests, is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. See FCC v. Fox Television Stations, Inc., 556 U.S. 502 (2009); Encino Motorcars, LLC v. Navarro, 579 U.S. 211 (2016); Motor Vehicle Mfrs. Ass'n v. State Farm, 463 U.S. 29 (1983); United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954).

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare unlawful and set aside DHA's August 31, 2025 policy excluding TRICARE For Life beneficiaries from GLP-1 coverage for weight management indications;

Page 4 of 6
Case 2:25-cv-00041-M-RN    Document 1    Filed 08/29/25    Page 4 of 6

B. Issue preliminary and permanent injunctive relief enjoining Defendants from enforcing the exclusion and requiring Defendants to maintain or restore coverage under the pre-August 31, 2025 prior-authorization criteria;

C. In the alternative, postpone the effective date of the policy under 5 U.S.C. § 705 pending final judgment;

D. Award such other relief as the Court deems just and proper.


Dated: August 27, 2025

/s/ Derence V. Fivehouse

Derence V. Fivehouse (pro se)

316 Seaview Drive

Edenton, NC 27932

(703) 220-3227

derencefivehouse@gmail.com


**CERTIFICATE OF SERVICE**

I certify that on August 28, 2025, I served this Complaint and summons by registered or certified mail] on the Civil Process Clerk, U.S. Attorney's Office for the Eastern District of North Carolina, 150 Fayetteville Street, Suite 2100, Raleigh, NC 27601; and by registered or certified mail on the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530; the Defense Health Agency, Office of General Counsel,

7700 Arlington Blvd., Suite 5101, Falls Church, VA 22042-5101; and the Office of the Secretary of Defense, 1000 Defense Pentagon, Washington, DC 20301-1000.

/s/ Derence V. Fivehouse