IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

NORTHERN DIVISION

No. 2:25-cv-00041-M

DERENCE V. FIVEHOUSE,

Plaintiff,

v.

U.S. DEPARTMENT OF DEFENSE; DEFENSE HEALTH AGENCY; HON. PETE HEGSETH, in his official capacity as Secretary of Defense; and DR. DAVID J. SMITH, in his official capacity as Acting Director, Defense Health Agency,

Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**Introduction**

This case challenges the Defense Health Agency's ("DHA") August 31, 2025 policy change that excludes TRICARE For Life ("TFL") beneficiaries from coverage of GLP-1 medications for the weight-management indication while retaining that same indication for TRICARE Prime and

TRICARE Select—even though the same, uniform prior-authorization ("PA") criteria (BMI thresholds plus listed comorbidities, a documented lifestyle program, step-therapy, and safety screens) apply. Since May 2, 2018, TRICARE administered GLP-1 weight-management coverage program-wide through the TRICARE Pharmacy Benefits Program ("TPHARM") under a single, clinical PA gate. Without amending the governing pharmacy statute or regulation, DHA now cuts off TFL (and invalidates previously approved non-Prime/Select PAs) effective August 31, 2025. That causes a plan-based split inside a uniform pharmacy program and is contrary to law and, in any event, arbitrary and capricious.

**Background (LCvR 7.2(a)(2))**

1. Uniform pharmacy program and TFL parity. Congress established a single, integrated pharmacy benefits program with a uniform formulary and expressly authorized prior authorizations to assure clinically appropriate use. See 10 U.S.C. § 1074g. DoD implemented that structure in 32 C.F.R. § 199.21. In implementing the TRICARE Senior Pharmacy Program for the Medicare-eligible cohort (now TFL), DoD stated that this cohort receives "the same coverage for pharmacy services" and the same cost-sharing framework. See 67 Fed. Reg. 15721, 15735 (Apr. 3, 2002). The pharmacy program's axis is clinical indication, not plan-type.

2. Program-wide clinical PA for GLP-1s (2018–2025). Since May 2, 2018, TRICARE used uniform PA criteria for GLP-1s prescribed for weight management (e.g., BMI ≥ 30, or BMI ≥ 27 with specified comorbidities; documented lifestyle program; step therapy; safety screens), applied program-wide, including TFL.

3. The 2017 Prime/Select enhancement is a medical-benefit rule, not a pharmacy carve-out. Pursuant to FY2017 NDAA §§ 706 and 729, DoD adopted a managed-care (services) rule at 32 C.F.R. § 199.17(f)(3) providing that, notwithstanding 10 U.S.C. § 1079(a)(10), "treatment of

obesity is covered under TRICARE Prime and TRICARE Select even if it is the sole or major condition treated." The authority to extend coverage for weight-loss treatment to TRICARE covered beneficiaries was not limited to Prime/Select enrollees. DoD's decision to limit its application was not explained. That rule is on the medical side; it does not amend or authorize plan-based outcomes in the pharmacy rule (§ 199.21). The regulation also states that TFL rules are unaffected by § 199.17 and are governed elsewhere. See 32 C.F.R. § 199.17(a)(6)(i)(C) ("'TRICARE for Life' … Rules applicable to this plan are unaffected by this section.").

4. The August 2025 change. On August 5, 2025, after years of administering a single, program-wide PA gate, DHA announced "regulatory controls" effective August 31, 2025: Prime/Select remain eligible for GLP-1s for weight management (subject to PA), but previously approved non-Prime/Select PAs are no longer valid and TFL is excluded for that indication.

5. No change to governing pharmacy law or rule. In making this change, DHA cited no amendment to 10 U.S.C. § 1074g or 32 C.F.R. § 199.21 authorizing a plan-based split inside the pharmacy program.

**Standard for Temporary Restraining Order and Preliminary Injunction**

A plaintiff must demonstrate (1) likelihood of success on the merits, (2) likely irreparable harm absent relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. See *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013). The same factors govern a TRO.

**Argument**

**I. Likelihood of Success on the Merits**

**A. Contrary to Law / In Excess of Authority (5 U.S.C. § 706(2)(A), (C))**

1. Pharmacy authority is uniform and clinical—not plan-based. The pharmacy statute (10 U.S.C. § 1074g) requires an integrated program with a uniform formulary and authorizes prior authorization "to assure that the use of such agents is clinically appropriate." The pharmacy regulation (32 C.F.R. § 199.21) implements "complete or partial exclusion" by clinical condition, diagnosis, or indication—typically enforced via preauthorization—and requires that at full-service Military Treatment Facility (MTF) pharmacies, "All pharmaceutical agents on the local formulary … must be available to all categories of beneficiaries." See 32 C.F.R. § 199.21(e)(3)(ii), (h)(2)(ii). Nothing in § 1074g or § 199.21 authorizes plan-type distinctions for the same indication once PA criteria are met.

2. NDAA-2001 integrated the Medicare-eligible cohort (TFL) into that same pharmacy structure. DoD's 2001–2002 rulemaking implementing the TRICARE Senior Pharmacy Program confirms parity for the Medicare-eligible cohort (TFL) —"the same coverage for pharmacy services … and the same requirements for cost-sharing and reimbursement …." 67 Fed. Reg. 15721, 15735 (Apr. 3, 2002).

3. The 2017 Prime/Select enhancement does not amend the pharmacy program. The managed-care rule at § 199.17(f)(3) adjusts medical-benefit eligibility for Prime/Select; it does not supply authority to engineer plan-based pharmacy outcomes for the same indication. Section 199.17 itself provides that TFL rules are unaffected by § 199.17 and locates pharmacy authority in § 199.21. Using § 199.17 to drive a plan split at the pharmacy counter conflicts with the uniform, clinical design of § 1074g/§ 199.21 and with the 2001–2002 TFL parity framework.

**B. Arbitrary and Capricious (5 U.S.C. § 706(2)(A))—Independent Fallback**

DHA reversed from a uniform, program-wide GLP-1 PA regime (including TFL) to a plan-based exclusion without amending § 199.21 and without offering a reasoned explanation that

reconciles the change with the pharmacy rule's clinical-only tools and with the MTF "all categories" clause, or that addresses beneficiaries' reliance interests. See *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515–16 (2009); *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221–22 (2016); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954) (agency must follow its own regulations).

## II. Irreparable Harm

Absent relief, Plaintiff faces interruption of ongoing therapy; risk of weight regain and exacerbation of comorbidities; loss of continuity of care; and non-recoverable out-of-pocket costs (money damages are unavailable against the sovereign). These are imminent and irreparable harms.

## III. Balance of Equities and Public Interest

Maintaining the pre-August 31, 2025 status quo ante preserves statutory uniformity and avoids arbitrary plan-based disparities for the same clinical indication, while imposing minimal administrative burden on DHA. The public interest favors adherence to governing law and continuity of care.

## IV. Security (Fed. R. Civ. P. 65(c))

If the Court grants interim relief, Plaintiff respectfully requests that the Court waive security or set a nominal bond in light of the nature of the relief and the absence of monetary risk to Defendants.

## Requested Relief

Plaintiff requests an order (i) enjoining Defendants from enforcing the August 31, 2025 plan-based exclusion of GLP-1 weight-management coverage against TFL beneficiaries who

satisfy TRICARE's PA criteria, or (ii) in the alternative, postponing the effective date under 5 U.S.C. § 705 pending final judgment; and requiring Defendants to maintain or restore the status quo ante PA approvals at MTF, mail order, and retail network pending final judgment.

Dated: August 27, 2025

/s/ Derence V. Fivehouse

Derence V. Fivehouse (pro se)

316 Seaview Drive

Edenton, NC 27932

(703) 220-3227

derencefivehouse@gmail.com