FILED
AUG 29 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ___MM___ DEP CLK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

NORTHERN DIVISION

No. 2:25-cv-00041-M

DERENCE V. FIVEHOUSE,

Plaintiff,

v.

U.S. DEPARTMENT OF DEFENSE; DEFENSE HEALTH AGENCY; HON. PETE HEGSETH, in his official capacity as Secretary of Defense; and DR. DAVID J. SMITH, in his official capacity as Acting Director, Defense Health Agency,

Defendants.

PLAINTIFF'S EMERGENCY MOTION TO POSTPONE EFFECTIVE DATE UNDER 5 U.S.C. § 705

Pursuant to 5 U.S.C. § 705 and Federal Rule of Civil Procedure 65, Plaintiff respectfully moves this Court to postpone the effective date of the Defense Health Agency's ("DHA") August 31, 2025 policy that excludes TRICARE For Life ("TFL") beneficiaries from coverage of GLP-1 medications for the weight-management indication, pending judicial review. As set forth in Plaintiff's contemporaneously filed Emergency Motion for Temporary Restraining Order and Preliminary Injunction and supporting memorandum, Plaintiff is likely to succeed on the merits;

irreparable harm is imminent; and the balance of equities and the public interest favor interim relief to preserve the status quo ante.

**Legal Standard**

Under 5 U.S.C. § 705, a reviewing court may "postpone the effective date of an agency action" to the extent necessary to prevent irreparable injury and to preserve the status quo pending judicial review. Courts apply the same equitable factors governing preliminary injunctions.

**Grounds for Relief**

1. Likelihood of success: The TRICARE Pharmacy Benefits Program is a single, integrated, uniform program under 10 U.S.C. § 1074g and 32 C.F.R. § 199.21 that uses clinical, indication-based tools (uniform formulary, prior authorization, partial exclusions). Nothing in the statute or regulation authorizes plan-type distinctions for a drug's same indication once prior-authorization criteria are met. Without amending § 199.21, DHA may not engineer a plan-based cutoff at the pharmacy counter.

2. Irreparable harm: Absent interim relief, Plaintiff faces interruption of ongoing therapy, risk of weight regain and exacerbation of comorbidities, loss of continuity of care, and non-recoverable out-of-pocket costs.

3. Equities & public interest: Postponing the effective date maintains the pre-August 31, 2025 status quo under existing prior-authorization criteria, imposes minimal burden on DHA, and serves the public interest in lawful, uniform program administration.

**Conferral/Notice Statement**

On August 27, 2025 at [TIME] (Eastern), Plaintiff notified the U.S. Attorney's Office for the Eastern District of North Carolina of this emergency motion by [telephone/email] and requested the position of the United States. As of filing, Defendants [oppose / do not oppose / could not be reached].

**Requested Relief**

Plaintiff respectfully requests that the Court (i) postpone the effective date of DHA's August 31, 2025 policy for TRICARE For Life beneficiaries pending final judgment, or, at minimum, pending resolution of Plaintiff's motion for preliminary injunction; and (ii) grant such further relief as the Court deems just and proper.

Dated: August 27, 2025

/s/ Derence V. Fivehouse

Derence V. Fivehouse (pro se)
316 Seaview Drive
Edenton, NC 27932
(703) 220-3227
derencefivehouse@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2025, I served this motion, the supporting memorandum, declarations, and proposed order by registered or certified mail on the Civil Process Clerk, U.S. Attorney's Office for the Eastern District of North Carolina, 150 Fayetteville Street, Suite 2100, Raleigh, NC 27601; and by registered or certified mail on the Attorney General of the United

States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530, and on the Defense Health Agency, Office of General Counsel, 7700 Arlington Blvd., Suite 5101, Falls Church, VA 22042-5101; and the Office of the Secretary of Defense, 1000 Defense Pentagon, Washington, DC 20301-1000.

/s/ **Derence V. Fivehouse**