IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

NORTHERN DIVISION

FILED
AUG 29 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY \_\_\_MM\_\_\_ DEP CLK

No. 2:25-cv-00041-M

DERENCE V. FIVEHOUSE,

Plaintiff,

v.

U.S. DEPARTMENT OF DEFENSE; DEFENSE HEALTH AGENCY; HON. PETE HEGSETH, in his official capacity as Secretary of Defense; and DR. DAVID J. SMITH, in his official capacity as Acting Director, Defense Health Agency,

Defendants.

**PLAINTIFF'S RULE 65(b)(1)(B) CERTIFICATION OF EFFORTS TO GIVE NOTICE AND EXPLANATION WHY NOTICE SHOULD NOT BE REQUIRED**

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), I, Derence V. Fivehouse, certify the following regarding efforts to give notice and why the Court should issue a temporary restraining order without notice to Defendants:

**1. Efforts to Give Notice**

a. On August 27, 2025, at [TIME] (Eastern), I telephoned the U.S. Attorney's Office for the Eastern District of North Carolina (main line [919-856-4530]) and left ~~a voicemail~~ CALL BACK NUMBER for the Civil Process Clerk identifying this case and the emergency nature of the relief.

b. On August 27, 2025, at ~12:20 [TIME] (Eastern), I sent ~~email notice~~ called of the emergency motion and proposed order to the U.S. Attorney's Office for the Eastern District of North Carolina at USANCE-Public-Info-Officer @usdoj.gov ~~[EMAIL ADDRESS IF KNOWN]~~, requesting the name and contact information of the assigned Assistant U.S. Attorney.

c. On August 27, 2025, at 12:30 [TIME], I transmitted courtesy copies of the complaint, motion, memorandum, and proposed order to the Department of Defense and the Defense Health Agency via email (osd.pentagon.ogc.list.correspondence-staff@mail.mil) to the Office of General Counsel (DHA), and I initiated Rule 4(i) service by to the U.S. Attorney (EDNC) and the Attorney General of the United States. Proofs of service will be filed as they become available.

## 2. Why Notice Should Not Be Required

a. Immediacy and irreparable harm. The challenged policy is scheduled to take effect on August 31, 2025. Without an immediate order preserving the status quo, I and similarly situated TRICARE For Life beneficiaries will suffer interruption of ongoing therapy, loss of continuity of care, medical risk from abrupt cessation, and non-recoverable out-of-pocket costs. These harms are imminent and cannot be remedied by money damages.

b. Practical constraints. No Assistant U.S. Attorney has yet appeared; chambers will not be able to confer with opposing counsel before the imminent effective date. Despite diligent efforts (¶1), I have been unable to obtain timely confirmation of counsel's position or availability for a same-day hearing.

c. Narrow, temporary relief. The requested TRO simply preserves the pre-August 31, 2025 status quo under existing prior-authorization criteria until a prompt preliminary-injunction hearing, at which Defendants will be fully heard. Any minimal administrative burden on Defendants is outweighed by the immediate medical harms absent relief.

## 3. Ongoing Notice Commitment

I will immediately serve this certification, the motion papers, and any order entered by the Court on Defendants by the fastest practicable means and will continue to update the Court regarding notice efforts.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on August 27, 2025.

/s/ Derence V. Fivehouse

Derence V. Fivehouse (pro se)

316 Seaview Drive

Edenton, NC 27932

(703) 220-3227

derencefivehouse@gmail.com