IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:25-CV-00041-M-RN

DERENCE V. FIREHOUSE,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF DEFENSE, PETE HEGSETH, *in his official capacity as Secretary of Defense*, and DAVID J. SMITH, *in his official capacity as Acting Director of the Defense Health Agency*,

    Defendants.

ORDER

    Plaintiff brings this action under the Administrative Procedures Act ("APA"), seeking to enjoin enforcement of a Defense Health Agency policy change that removes coverage of certain weight loss medication from Plaintiff's health insurance plan. DE 5 at 1–2. Pending before the court are Plaintiff's pro se Emergency Motions for Temporary Restraining Order [DE 4, 6]. Because Plaintiff cannot show a likelihood of imminent and irreparable harm, the motions are denied.

    A party seeking either a temporary restraining order must demonstrate that (1) "he is likely to succeed on the merits"; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *See Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Jacobs v. Holmes*, No. 5:15-CT-3031-FL, 2015 WL 3891395, at *2 n.1 (E.D.N.C. June 14, 2015) (noting that a temporary restraining order is governed by the same general standards as preliminary

injunctions) (citing *Hoechst Diafoil v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). "[E]ach of these four factors must be satisfied to obtain preliminary injunctive relief," *Henderson ex rel. NLRB v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018), and "a district court is entitled to deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors." *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023).

Here, Plaintiff has not established a likelihood of irreparable harm. "To establish irreparable harm, the movant must make a 'clear showing' that [he] will suffer harm that is 'neither remote nor speculative, but actual and imminent.'" *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 216 (4th Cir. 2019) (quoting *Direx Israel, Ltd. V. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)). Additionally, the harm must be irreparable, meaning it "cannot be fully rectified by the final judgment after trial." *Id.* Plaintiff argues that he has made this threshold showing because once the policy change goes into effect, he will face an "interruption of ongoing therapy;" a "risk of weight regain and [an] exacerbation of comorbidities;" a "loss of continuing of care; and non-recoverable out-of-pocket costs[.]" DE 5 at 5. He has not shown, however, that but for an injunction, he would be prevented from obtaining his medication. Indeed, whether his policy covers the medication or not, Plaintiff may still purchase it out-of-pocket. So, the court finds that Plaintiff's identified health concerns do not constitute imminent and irreparable harm.

As for Plaintiff's out-of-pocket costs, while "economic loss may constitute irreparable harm" when "the government is protected by sovereign immunity and no monetary damages are available," *Ass'n of Cmty Cancer Ctr. v. Azar*, 509 F. Supp. 3d 482, 499–500 (D. Md. 2020) (citing 5 U.S.C. § 702), these determinations have typically been reserved for circumstances where the economic loss was severe or threatened an entities' solvency. *See, e.g.*, *id.* (finding that a

2

Case 2:25-cv-00041-M-RN   Document 13   Filed 08/29/25   Page 2 of 3

challenged rule would reduce Medicare drug expenditures by nearly $5 billion); *City of Columbus v. Kennedy*, --F. Supp. 3d--, 2025 WL 2426382, at *30 (D. Md. Aug. 22, 2025) (finding that a challenged rule would increase a business owner's health insurance costs such that it would likely go out of business). Plaintiff has not made an adequate showing that any economic loss caused by paying out of pocket rises to these levels, and in any event, he has not demonstrated that sovereign immunity would bar recovery under these circumstances.

Accordingly, Plaintiff's emergency motions for a temporary restraining order [DE 4, 6] are DENIED.

SO ORDERED this 29th day of August, 2025.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE