IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:25-CV-00041-M-RN

**Derence V. Fivehouse**,

    Plaintiff,

v.

**United States Department of Defense**, et al.,

    Defendant.

**Memorandum & Recommendation**

    Plaintiff Derence V. Fivehouse claims the federal government violated the Administrative Procedure Act when it recently stopped providing coverage for GLP-1 medications for weight-management to TRICARE for Life beneficiaries. He seeks a preliminary injunction against or, alternatively, a stay of this regulation. Fivehouse also wants the court to consolidate a hearing on his preliminary injunction request with a trial on the merits. The Defendants oppose his attempt to halt the enforcement of this new policy.

    Ultimately, since Fivehouse has not shown that the policy change is likely to cause him irreparable harm, he is not entitled to a preliminary injunction or a stay. Thus the District Court should deny his request for this relief.

## I.    Background

    Recently, the Department of Defense ("DOD"), through the Defense Health Agency, changed or clarified the way it covers GLP-1 weight loss medications for beneficiaries in the TRICARE for Life program. It no longer provides coverage for these medications for weight

management for those in the TRICARE for Life program. But it does provide coverage for GLP-1 medications for weight loss for other TRICARE programs.

After this change occurred, Fivehouse sued DOD, the Secretary of Defense, the Defense Health Agency, and its Acting Director under the APA. He claims that the policy change is contrary to law; exceeds DOD's statutory and regulatory authority; and is arbitrary, capricious, and an abuse of discretion.

When he filed this suit, Fivehouse sought a temporary restraining order against this policy change. D.E. 4, 6. The court denied that request, concluding that he had not shown that he was likely to suffer irreparable harm. Aug. 29, 2025 Order, D.E. 13. It rejected his claim that the regulation would cause irreparable harm by negatively impacting his health and finances. *Id.* at 1–2. He could still buy the medication without insurance coverage, and he had not shown that he would be barred from recovering the amount he spent to do so were he to prevail. *Id.*

He also sought a preliminary injunction. Mot. for Prelim. Inj., D.E. 17. The court denied that request without prejudice because he had not shown that he served the Defendants with a copy of his motion. Sept. 17, 2025 Order, D.E. 20. It noted that he could refile the motion once he proved he properly served them. *Id*.

Fivehouse took the court up on its invitation and refiled his preliminary injunction motion after serving the Defendants. Renewed Mot. for Prelim. Inj., D.E. 26. He also filed two motions that sought to consolidate the hearing on his preliminary injunction motion with a trial on the merits and set an expedited briefing schedule. First Mot. to Expedite and Consolidate, D.E. 33; Second Mot. to Expedite and Consolidate, D.E. 38. Alternatively, he asked the court to stay the

2

policy under § 705 of the APA. First Mot. to Expedite and Consolidate at 1. The Defendants oppose his request for injunctive relief.

II. Discussion

  A. Motion for Preliminary Injunction

Fivehouse asks the court to issue a preliminary injunction requiring the Defendants to treat his prior authorization for semaglutide as valid and dispense the medication to him. A party seeking a preliminary injunction must show four things. First, that he is likely to succeed on the merits. *Winter* v. *Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Second, that he is likely to suffer irreparable harm in the absence of preliminary relief. *Id.* Third, that the balance of equities tips in his favor. *Id.* And fourth, that an injunction is in the public interest. *Id.* Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to this relief. *Mazurek* v. *Armstrong*, 520 U.S. 968, 972 (1997). A plaintiff must satisfy all four factors. *Pashby* v. *Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (finding that "each preliminary injunction factor [must] be satisfied as articulated.") (internal quotation marks omitted); *Mountain Valley Pipeline, LLC* v. *W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 365–66 (4th Cir. 2019).

Fivehouse failed to establish that he will suffer irreparable harm in the absence of a preliminary injunction. A plaintiff seeking to establish irreparable harm "make a 'clear showing' that [he] will suffer harm that is 'neither remote nor speculative, but actual and imminent.'" *Mountain Valley Pipeline*, 915 F.3d at 216 (quoting *Direx Israel, Ltd.* v. *Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)). And to qualify as irreparable, the alleged injury must be one

3

that "cannot be fully rectified by the final judgment after trial." *Id.* He recognizes that the court has found "his assertions of irreparable harm related to his personal financial and health impacts . . . insufficient" to establish irreparable harm. Am. Mem. in Supp. Mot. for Prelim. Inj. at 23.

Without that argument, Fivehouse resorts to the contention that "Courts find irreparable harm when federal agencies discriminate in benefits administration." *Id.* In support of this argument, he points to the Fifth Circuit's decision in *Texas* v. *United States*, 787 F.3d 733, 766 (5th Cir. 2015). *Id.*

But that decision does not stand for the proposition that Fivehouse claims it does. In *Texas*, the Fifth Circuit declined to stay a preliminary injunction that prohibited the implementation of the Deferred Action for Parents of Americans and Lawful Permanent Residents program. 787 F.3d at 743. In denying the federal government's request, the appellate court concluded that the United States had not shown that it would suffer irreparable harm without a stay. *Id.* at 767–68. The government had argued that the lower court's injunction "offend[ed] separation of powers principals and federalism," and delayed implementation of the program. *Id.* The decision did not involve allegations that either the state or federal government had discriminated in benefits administration. That issue is similarly absent from the lower court opinion, which concluded the state plaintiffs would suffer irreparable harm because the costs they would incur as a result of the DAPA program "would be unrecoverable if DAPA was ultimately renounced." *Texas* v. *United States*, 86 F. Supp. 3d 591, 673 (S.D. Tex. 2015). So Fivehouse has failed to show that he will suffer irreparable harm in the absence of a preliminary injunction. Thus, the District Court should

deny his renewed motion for a preliminary injunction, D.E. 26, and his motions that seek to consolidate that motion with a trial on the merits, D.E. 33, 38.[1]

###    B.    Motion for a Stay Under 5 U.S.C. § 705

Fivehouse also argues that if the court does not issue a preliminary injunction, it should issue a stay under 5 U.S.C. § 705. That statute allows a court to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings" if doing so is "necessary to prevent irreparable injury[.]" 5 U.S.C. § 705. The same factors that apply to consideration of a preliminary injunction apply to the consideration of a motion under § 705. *Dist. of Columbia* v. *Dep't of Agric.*, 444 F. Supp. 3d 1, 16 (D.D.C. 2020). Since Fivehouse cannot show that he will suffer irreparable injury during the pendency of this action, the District Court should deny this request as well. D.E. 38.

### III.    Conclusion

For all these reasons, the District Court should deny Fivehouse's renewed motion for a preliminary injunction, D.E. 26, and his motions to expedite and consolidate consideration of this matter, D.E. 33, 38.

The undersigned notes that the United States has said that it intends to file a response to summary-judgment-based arguments in Fivehouse's reply brief. Notice, D.E. 45. But a "request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). And a request for relief included in a brief does not qualify as a motion. *See TransEnterix Investor Group* v. *TransEnterix, Inc.*, 272

---

[1] This opinion expresses no view on whether Fivehouse has satisfied the other elements for a preliminary injunction.

F. Supp. 3d 740, 762 (E.D.N.C. 2017). So there is no summary judgment motion pending before the court at this time.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: November 13, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge

6

Case 2:25-cv-00041-M-RN    Document 53    Filed 11/13/25    Page 6 of 6