IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:25-cv-00041-M-RN

| | | |
|---|---|---|
| DERENCE FIVEHOUSE, | ) | |
| Plaintiff, | ) ) ) | RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD [DE 82; DE 83] |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF DEFENSE, et al, | ) ) ) | |
| Defendants. | ) | |

This arises from Plaintiff's Administrative Procedure Act ("APA") action filed with this Court challenging the United States Department of Defense,[1] Defense Health Agency's ("DHA") implementation of its August 31, 2025, clarification on coverage for GLP-1 medications for weight management for TRICARE for Life beneficiaries. Plaintiff has requested that the Court exercise its power to prevent the DHA from implementing its August 31, 2025, clarification on coverage for GLP-1 medications for weight management for TRICARE for Life beneficiaries because the DHA acted arbitrarily and capriciously. [DE 1]. To that end, following Defendants' filing of the Administrative Record, *see* [DE 68 thru DE 76], Plaintiff has filed a

---

[1] The statutory "Executive departments" include, *inter alia*, the Department of Defense. 5 U.S.C. § 101. On September 5, 2025, President Donald J. Trump signed Executive Order 14347, "Restoring the United States Department of War." *See* 90 Fed. Reg. 173, Sep. 10, 2025, at 43,893-94. Section 2(e) of Executive Order 14347 specified that "[s]tatutory references to the Department of Defense . . . shall remain controlling until changed subsequently by the law." Therefore, in accordance with 5 U.S.C. § 101, the Executive department should be referred to in this matter as the "Department of Defense."

1

motion to supplement the Administrative Record, *see* [DE 82; DE 83]. For the following reasons, Plaintiff's motion should be denied.

## ARGUMENT

Plaintiff's motion to supplement the administrative record rests on speculation rather than evidence. Defendants have filed a certified, multi-volume administrative record documenting the agency's decision-making process, and Plaintiff does not identify a single document that was before the agency and omitted from the record. Instead, he asks the Court to authorize an expanded record because he believes additional materials would be helpful to his claims. The APA does not permit supplementation on that basis. Supreme Court and Fourth Circuit precedent strictly confine judicial review to the administrative record as certified, absent a concrete showing that the record is incomplete or that extraordinary circumstances exist. Plaintiff has made no such showing.

### I.   APA Review Is Limited to the Administrative Record

The Supreme Court has long held that judicial review under the APA is limited to the administrative record that was before the agency at the time of the challenged decision. In *Camp v. Pitts*, the Court explained that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." 411 U.S. 138, 142 (1973). Likewise, in *Citizens to Preserve Overton Park, Inc. v. Volpe*, the Court rejected de novo review and emphasized that courts must assess agency action based on the materials actually considered by the agency. 401 U.S. 402, 420 (1971). The Fourth Circuit has

2

consistently applied these principles, holding that APA review "is limited to the administrative record that was before the agency at the time of its decision." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 201 (4th Cir. 2009).

This limitation is not a technicality; it reflects the separation of functions between agencies and courts. Agencies, not courts, are charged with compiling the evidentiary basis for policy implementation. Judicial review evaluates whether the provided record supports the agency's decision under the applicable standard of review. In this case, Defendants have certified the Administrative Record that was before the agency when it made its decision. *See* [DE 68 thru DE 76].

## II. The Certified Administrative Record Is Presumed Regular And Complete.

An agency's designation and certification of the administrative record is entitled to a presumption of regularity and completeness. *See Overton Park*, 401 U.S. at 415 (Agency actions are entitled to a presumption of regularity.); *Ohio Valley*, 556 F.3d at 201 (rejecting efforts to rely on extra-record materials where plaintiffs failed to overcome the presumption that the record was complete). Here, Defendants filed the administrative record in multiple volumes documenting: 1) the governing statutes and regulations, 2) history and publication of the applicable formal rule, 3) the Department of the Army's implementing regulations, 4) the existence of processing issues that allowed Tricare for Life beneficiaries to obtain GLP-1 weight loss drug coverage contrary to statute and regulations, and 5) the agency's corrective action restoring compliance with statutory and regulatory eligibility distinctions.

3

Plaintiff does not identify any specific document that was before the decisionmaker and omitted from the record. That failure alone is fatal to his motion. Furthermore, Plaintiff's conclusory and self-serving allegations seeking discovery does not entitle Plaintiff to "drafts, interpretative memoranda, internal communications, or analyses[,]" *see* [DE 83, p. 2]. Plaintiff's desire for confidential and privileged information is insufficient to justify allowing Plaintiff to go outside of the record which, as already filed, demonstrates the information Defendants relied on when the decision to enforce federal statutes and regulations was made was not arbitrary and capricious or otherwise contrary to law. Since Plaintiff's motion fails to overcome the presumptions of regularity and completeness, his motion should be denied.

### III. <u>Record Supplementation Is an Extraordinary Remedy Not Warranted Here.</u>

The Supreme Court has recognized only narrow exceptions permitting consideration of extra-record material, and even then only in rare circumstances. *See Overton Park*, 401 U.S. at 420 (Allowing extra-record inquiry only upon a "strong showing" of bad faith or improper behavior.). The Fourth Circuit has emphasized that these exceptions are limited and should not be used to transform APA review into a discovery fishing expedition. *See Dow AgroSciences*, 637 F.3d at 268–69 (Affirming denial of extra-record evidence where plaintiffs sought to challenge the agency's reasoning rather than the completeness of the record.); *Sierra Club v. U.S. Department of the Interior*, 899 F.3d 260, 295–96 (4th Cir. 2018) (Extra-record evidence is not permitted merely because plaintiffs believe additional materials

4

would be helpful.). Plaintiff's motion falls squarely into the category rejected by these cases: it is an attempt to add materials to strengthen his arguments rather than to correct a genuinely incomplete record. Plaintiff has no evidence the Administrative Record is incomplete or that Defendants have acted in bad faith, and he has not overcome the APA's presumptions of completeness and regularity.

To warrant supplementation, a plaintiff must do more than assert that additional documents might exist or that further information would be useful. The Fourth Circuit has made clear that such speculation is insufficient. In *Ohio Valley*, the court rejected claims that the record must be incomplete where plaintiffs offered no evidence that specific materials were omitted. 556 F.3d at 201. The court explained that "[m]ere allegations" or assumptions about what the agency "must have considered" do not rebut the presumption of completeness. *Id.* Here, Plaintiff does not identify any specific memorandum, email, analysis, or report, that was before the decisionmaker and was omitted from the lodged record. Instead, Plaintiff argues in general terms that the record does not contain enough information to support the agency's decision or to explain its consequences, or that more documents could have been added to the record. That argument misunderstands the APA. A record is not incomplete merely because it does not contain every document a litigant wishes the agency had generated. Accordingly, his motion should be denied.

## IV. <u>Plaintiff Cannot Satisfy Any Recognized Exception.</u>

Courts have recognized limited circumstances where extra-record materials may be considered, including to explain technical terms, address complex subject matter, or show bad faith. None apply here.

First, Plaintiff does not allege—much less demonstrate—that the Department of the Army excluded documents that were actually before the decisionmaker. *See Ohio Valley*, 556 F.3d at 201 (Speculation that additional documents "may exist" does not justify supplementation.). Second, the challenged action concerns statutory eligibility distinctions among TRICARE programs and correction of a contractor implementation error. Courts routinely resolve such questions on the administrative record alone. *See Dow AgroSciences*, 637 F.3d at 269 (Rejecting supplementation where the issues were legal and policy-based, not technical.). Third, there is no evidence of bad faith or improper purpose. Correcting a failure to distinguish among beneficiary categories and enforcing statutory limits does not constitute bad faith. *Overton Park*, 401 U.S. at 420 (Bad faith requires a strong, concrete showing, not conjecture.).

Plaintiff does not allege—much less establish—bad faith or improper motive. Nor does this case involve scientific or technical issues requiring explanatory materials beyond the record. The challenged action concerns statutory and regulatory eligibility distinctions among TRICARE programs and correction of an implementation error—matters well within the competence of judicial review based on the existing record. Absent evidence that the agency deliberately or negligently

excluded materials it actually considered, supplementation is unwarranted. and his motion should, therefore, be denied.

## V. **Plaintiff's Motion Improperly Seeks Discovery, Not Record Completion.**

The Fourth Circuit has made clear that the APA does not authorize discovery to search for flaws in agency reasoning. *See Dow AgroSciences*, 637 F.3d at 268 ("The APA does not provide for a broad right of discovery."). That is precisely Plaintiff's intention. As mentioned before, either the certified Administrative Record submitted by Defendants demonstrates that Defendants' actions were not arbitrary and capricious, *see* [DE 68 thru DE 76], or it does not. The Court does not need further documentation added when the record already provided supports the DHA's decision to enforce already existing statutory and regulatory language. Plaintiff's request to add additional materials to Defendants' Administrative Record, in this case, appears aimed at reframing the policy consequences of the Army's decision and supporting his request for injunctive relief, not at determining whether, based on the information before Defendants, their actions were arbitrary or capricious. Accordingly, Plaintiff's motion should be denied

## CONCLUSION

For these reasons, Plaintiff's motion to supplement the record has no merit and should be denied.

Respectfully submitted this 23rd day of December, 2025.

                              W. ELLIS BOYLE
                              United States Attorney

                              BY: /s/ Rudy E. Renfer
                              RUDY E. RENFER
                              Assistant United States Attorney
                              Civil Division
                              150 Fayetteville Street, Suite 2100
                              Raleigh, NC 27601
                              Telephone: (919) 856-4530
                              Email: rudy.e.renfer@usdoj.gov
                              N.C. Bar # 23513
                              Attorney for the United States

CERTIFICATE OF SERVICE

I do hereby certify that I have this 23rd day of December, 2025, served a copy of the foregoing upon the below listed party electronically using the CM/ECF system or by placing a copy of the same in the U.S. Mail, addressed as follows:

Derence V. Fivehouse
316 Seaview Drive
Edenton, NC 27932

>BY: /s/ Rudy E. Renfer
>RUDY E. RENFER
>Assistant United States Attorney
>Civil Division
>150 Fayetteville Street, Suite 2100
>Raleigh, NC 27601
>Telephone: (919) 856-4530
>Email: rudy.e.renfer@usdoj.gov
>N.C. Bar # 23513
>Attorney for the United States