IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:25-CV-00041-M

**Derence V. Fivehouse,**

   Plaintiff,

v.

**United States Department of Defense,** et al.,

   Defendants.

**Order**

  Plaintiff Derence Fivehouse has filed several motions to supplement the administrative record in this Administrative Procedure Act action. D.E. 59, 62, and 82. Relatedly, the defendants, the United States Department of Defense, the Secretary of Defense, and the Acting Director of the Defense Health Agency, ask the court to strike exhibits Fivehouse submitted with his motion for summary judgment.[1] Since Fivehouse has not shown that supplementation of the administrative record is proper, the court will deny his motions and grant the Department's motion to strike.

### I. Background

  Fivehouse is a beneficiary of the Department's TRICARE For Life health plan, a healthcare program administered by the Department's Defense Health Agency. Compl. ¶¶ 3–5 at 2, D.E. 1. Fivehouse says that the DHA chose to stop covering GLP-1 medications for TRICARE For Life beneficiaries. *Id.* ¶ 8. And he points out that this change only affected TRICARE For Life beneficiaries, while leaving these medications available to those on the TRICARE Prime and

---

[1] The court has subject-matter jurisdiction to hear this matter under 28 U.S.C. § 1331 because this matter arises under the Constitution, laws, or treaties of the United States. Fivehouse claims that the Department violated the Administrative Procedure Act. *See* 5 U.S.C. § 706.

TRICARE Select benefit plans. *Id.* This, Fivehouse argues, is contrary to law and violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A),(C). *Id.* ¶¶ 15–16 at 4, D.E. 1.

After a series of motions and orders, the Department filed an administrative record consisting of 2,827 pages. Admin. R., D.E. 67–76. Fivehouse filed three motions in response. First, he asked the court for an order requiring the government to resubmit the administrative record in compliance with Rule 16 of the Federal Rules of Appellate Procedure. Mot. for Order, D.E. 59. Fivehouse then requested judicial notice of certain statutes and government forms. Mot. for Jud. Notice, D.E. 62. Finally, he asked the court to supplement the administrative record. Mot. to Suppl. Admin. R., D.E. 82. Fivehouse also submitted multiple documents as exhibits to his motion for summary judgment. Exs. to Pl's Statement of Material Facts, D.E. 66. The Department moved to strike these exhibits. Mot. to Strike, D.E. 81.

## II. Discussion

The current motions all relate to Fivehouse's desire that the court supplement the administrative record. In his first motion, Fivehouse asks the court to require the Department to alter the administrative record in compliance with Federal Appellate Rule 16 and to say whether materials were excluded from the record. Mot. for Order, *passim*. In his motion for judicial notice, he asks the court to add several legal authorities and some DHA forms to the record. Mot. for Jud. Notice at 6–11. And in his motion to supplement, he asks the court for an order that the government produce a series of documents Fivehouse contends must exist. Mot. to Suppl. Admin. R. at 2–5.

Fivehouse also submitted exhibits that include agency news releases, medical studies, government forms, and a declaration written by Fivehouse documenting his personal review of public records. Exs. to Pl's Statement of Material Facts *passim*. The Department has objected to

2
Case 2:25-cv-00041-M-RN    Document 103    Filed 01/16/26    Page 2 of 7
Case 2:25-cv-00041-M-RN    Document 113    Filed 02/04/26    Page 2 of 9

these exhibits by saying they represent another attempt to supplement the record impermissibly. Mot. to Strike at 2–3.

Because each motion involves Fivehouse's effort to add to the administrative record, the court will first discuss Fivehouse's motion to supplement. Then it will turn to the other motions.

### A. Motion to Supplement

When reviewing agency action under the APA for the violations Fivehouse alleges, a court must "hold unlawful and set aside" that action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right[.]" 5 U.S.C. § 706(2)(A), (C). Under the arbitrary and capricious standard, it is up to the court "to review the considerations on which the agency relied, and to check that the agency's decision has 'some basis in the record.'" *Fort Sumter Tours, Inc.* v. *Babbitt*, 66 F.3d 1324, 1335 (4th Cir. 1995) (quoting *Nat'l Treas. Emp, Union* v. *Horner*, 854 F.2d 490 (D.C. Cir. 1988)).

The court's review of the agency's decision "is generally confined to the administrative record." *Id.* And that record is the one submitted by the agency, not a record compiled by the court. *Fayetteville Area Chamber of Com.* v. *Volpe*, 515 F.2d 1021, 1024 (4th Cir. 1975) (quoting *Camp* v. *Pitts*, 411 U.S. 138 (1973)).

But the agency cannot choose what to include in the record. The agency must submit the entire administrative record and cannot omit information because it was immaterial to the agency's decision. *Tafas* v. *Dudas*, 530 F. Supp. 2d 786, 793 (E.D. Va. 2008). But "courts will ordinarily assume that the administrative record is complete and exclusive[.]" *Sanitary Bd. of City of Charleston, W. Va.* v. *Wheeler*, 918 F.3d 324, 334 (4th Cir. 2019). And the "party challenging an agency bears a special burden of demonstrating that the court should reach beyond the record[.]"

*Id.* This is because the agency is entitled to "a strong presumption of regularity" when it comes to supplying the administrative record. *S.C. Coastal Conservation League* v. *Ross*, 431 F. Supp. 3d 719, 723 (D.S.C. 2020) (quotation omitted).

Supplementation of the administrative record is proper in three instances. *City of Dania Beach* v. *FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010). First, "if the agency deliberately or negligently excluded documents that may have been adverse to its decision[.]" *Id.* (quotation omitted). Second, "if background information was needed 'to determine whether the agency considered all the relevant factors[.]'" *Id.* (quotation omitted). Finally, "if the 'agency failed to explain administrative action so as to frustrate judicial review[.]'" *Id.* (quotation omitted). In sum, a court should supplement the administrative record when it "cannot determine from the administrative record whether the agency complied with its procedural obligations." *United Student Aid Funds, Inc.* v. *Devos*, 237 F. Supp. 3d 1, 4 (D.D.C. 2017). This rule applies when the party seeking supplementation is trying to add documents that the agency did not consider when making its determination. *Oceana, Inc.* v. *Ross*, 290 F. Supp. 3d 73, 77 (D.D.C. 2018).

A different standard applies if the party seeking supplementation alleges that the documents to be added were before the agency when it made its decision. *Id.* at 77–78. In that case, there need not be a special circumstance such as those laid out in *Dania Beach*. *Id.* at 78. Instead, the party seeking to complete the record must show by "clear evidence that the documents . . . were considered by agency decisionmakers." *Clinch Coal* v. *United States Forest Serv.*, 597 F. Supp. 3d 916, 921 (W.D. Va. 2022) (citation modified); *Id.* The agency's purported failure to supply the whole record must be "non-speculative[.]" *Clinch Coal.*, 597 F. Supp. 3d at 921 (quotation omitted).

In this case, the administrative record shows that the DHA sent notification that TRICARE For Life beneficiaries would be excluded from GLP-1 coverage in March and April 2025, but the agency signed the final "Decision Paper" recommending this policy change in July 2025. AR2675–AR2679, AR2824–AR2827. Fivehouse argues that this proves other materials exist which the agency relied on. Reply in Supp. at 5–6, D.E. 89. He also points out the absence of statutory citations and a lack of recorded procedural compliance. *Id.* at 6–7.

Because Fivehouse says that there were documents before the decisionmakers that are not in the administrative record, he must show "by clear evidence" that the agency considered those documents. *Clinch Coal*, 597 F. Supp. 3d at 921. But he merely speculates that these documents exist. It is of course possible that vital documents are missing from the record. But it is equally possible that the agency did not consider any other materials.

If Fivehouse thinks these gaps in the administrative record prove that the agency violated § 706, that argument is proper in a summary judgment motion. But these alleged omissions do not require this court to supplement the administrative record.

For these reasons, the court denies Fivehouse's motion to supplement. D.E. 82.

### B. Motion for Judicial Notice

Fivehouse's motion for judicial notice asks the court to consider statutes, federal regulations, the minutes of agency committee meetings, government forms, prior government statements, and the absence of rulemaking notices. Mot for Jud. Notice at 6–11. The Department says that Fivehouse is trying to add to or distract from the administrative record. Resp. in Opp'n at 2–3.

Fivehouse's motion is moot as the court will consider any legal sources the parties raise. So the court need not resort to judicial notice to consider the relevance of any legal authority. And

5
Case 2:25-cv-00041-M-RN    Document 103    Filed 01/16/26    Page 5 of 7
Case 2:25-cv-00041-M-RN    Document 113    Filed 02/04/26    Page 5 of 9

even if the court did weigh the merits of his motion for judicial notice, it still would decline to do so. Rule of Evidence 201 ordinarily governs a court's decision about taking judicial notice. Fed. R. Evid. 201. But when taking judicial notice amounts to supplementing the administrative record, the decision turns on whether supplementation is proper. This is so because a court that is limited to reviewing the administrative record "cannot take judicial notice of extra-record materials unless the court finds it is appropriate to supplement the administrative record." *Defs. of Wildlife* v. *N.C. Dept. of Transp.*, No. 2:11-CV-35, 2013 WL 12437759, at *4 (E.D.N.C. Apr. 13, 2013).

Because Fivehouse asks the court to take judicial notice of legal authorities that it may consider anyway, and because the court will not require supplementation of the administrative record, it declines to take judicial notice of the facts Fivehouse supplies. So the court denies his motion. D.E. 62.

### C. Motion to Strike

Fivehouse submitted news releases, medical studies, government forms, and a survey of public records he completed as exhibits to his summary judgment motion. Exs., *passim*. The Department says that this also constitutes improper supplementation. Mot. to Strike at 2–3.

Because the motion to strike seeks to prevent Fivehouse from adding to the administrative record, the factors dictating supplementation determine the outcome of the motion to strike. *See Raytheon Co.* v. *United States*, 121 Fed. Cl. 135, 156 (2015); *Level the Playing Field* v. *FEC*, 381 F. Supp. 3d 78, 89–91 (D.D.C. 2019). And since the court finds that supplementation is improper, it grants the Department's motion to strike Fivehouse's exhibits.

### D. Motion under Fed. R. App. P. 16

Fivehouse also asks the court to require the Department to edit the administrative record's format and to add a statement saying what documents it excluded from the administrative record.

Mot. for Order, *passim*. He says Federal Rule of Appellate Procedure 16 compels these changes. *Id.* at 3.

Fivehouse's motion under the Federal Rules of Appellate Procedure is meritless. Appellate Rule 1 states in part that "[t]hese rules govern procedure in the United States courts of appeals." Fed. R. App. P. 1(a). So the appellate rules are inapplicable in district courts. *Washington v. North Carolina*, No. 5:09-HC-2068, at *1 n.1 (E.D.N.C. Nov. 3, 2011).

For this reason the court denies Fivehouse's motion. D.E. 59.

## III. Conclusion

Because Fivehouse has not shown that there are documents missing from the record which were before the agency decisionmakers, the court denies his motion that seeks to add information to the administrative record. D.E. 82. For the same reason, the court grants the Department's motion to strike. D.E. 81. And because Fivehouse's motion for judicial notice asks the court to note information it can already hear, the court denies the motion as moot. D.E. 62. Finally, because it attempts to alter the administrative record through rules inapplicable in this court, Fivehouse's motion to amend the administrative record under Appellate Rule 16 is denied. D.E. 59.

Dated: January 15, 2026

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge

Derence V. Fivehouse
316 Seaview Drive
Edenton, NC 27932