IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:25-cv-00041-M-RN

**DERENCE V. FIVEHOUSE,**
**Plaintiff,**

v.

**U.S. DEPARTMENT OF DEFENSE;**
**DEFENSE HEALTH AGENCY;**
**HON. PETE HEGSETH, in his official capacity as**
**Secretary of Defense; and**
**DR. DAVID J. SMITH, in his official capacity as**
**Acting Director, Defense Health Agency,**
**Defendants.**

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY
## TO DEFENDANTS' REPLY [DE 112]

Plaintiff Derence Fivehouse respectfully moves this Court for leave to file the attached Sur-Reply (Exhibit 1) in response to Defendants' Reply [DE 112], filed February 4, 2026. Good cause exists because DE 112 raises new arguments and cites new authorities that Plaintiff has had no opportunity to address. See Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

**1. New threshold argument raised for the first time in Reply.** Defendants' opening briefs [DE 90, DE 93] engaged Plaintiff's statutory interpretation arguments on the merits across 53 pages of combined briefing. At no point did Defendants contend those arguments exceeded the Complaint's scope. For the first time in their Reply, Defendants now argue that Plaintiff's arguments are "beyond the scope of the complaint and the relief requested." DE 112 at 2–3. A party cannot litigate the merits in its opening briefs and then relabel the dispute as a threshold deficiency in its final reply, where the opposing party has no right of response. Plaintiff's sur-reply demonstrates that Plaintiff's arguments were pleaded from the outset and are properly before the Court.

**2. Mischaracterization of Plaintiff's position.** DE 112 characterizes Plaintiff's argument as seeking to "implied[ly] writ[e] out of existence" 10 U.S.C. § 1079(a)(10) "for all TRICARE

1

beneficiaries." DE 112 at 5. That is not Plaintiff's argument. Plaintiff's sur-reply clarifies the distinction between an "implied-repeal theory" (which Plaintiff does not advance) and an ultra vires challenge (which the Complaint pleads at Count I, citing 5 U.S.C. § 706(2)(C)).

The proposed sur-reply is narrowly tailored to these new arguments and does not relitigate matters already briefed. Absent leave to respond, Plaintiff will have had no opportunity to address a threshold argument, and a material mischaracterization of his legal theory--all raised for the first time in Defendants' final Reply brief.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and accept the attached Sur-Reply (Exhibit 1) for filing.

Respectfully submitted,                                              February 11, 2026

Derence V. Fivehouse, Pro Se
316 Seaview Drive
Edenton, NC 27932
derencefivehouse@gmail.com

## CERTIFICATE OF MAILING

I hereby certify that on the date shown above, I deposited in the United States Mail, postage prepaid, a true and correct copy of the foregoing, addressed to counsel of record for the United States, AUSA K. Paige O'Hale and Rudy E. Renfer, Office of the United States Attorney for the Eastern District of North Carolina, 150 Fayetteville Street, Suite 2100 Raleigh, NC 27601, and by email to Ms. O'Hale at Paige.OHale@usdoj.gov and Mr. Renfer at Rudy.E.Renfer@usdoj.gov.

Derence V. Fivehouse