IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:25-cv-00041-M-RN

| | |
|---|---|
| DERENCE FIVEHOUSE, | ) |
| Plaintiff, | ) |
| v. | ) <u>DEFENDANTS RESPONSE IN OPPOSITION TO MOTION TO FILE SUR-REPLY</u> |
| UNITED STATES DEPARTMENT OF DEFENSE, et al, | ) |
| Defendants. | ) |

Plaintiff, an attorney retired from the military, has sought leave of the Court to file a sur-reply, alleging that Defendants have introduced new grounds for relief for the first time in their reply. *See* [DE 114]. Plaintiff is wrong.

Defendants' position and arguments in this case have not changed: Before 2018, the Department did not pay for weight loss drugs for any TRICARE beneficiaries. When Congress created TRICARE Select, the Department wrote a new rule to put TRICARE Select into place. The new rule included extra benefits, like coverage for weight loss drugs for TRICARE Prime and Select beneficiaries. For TRICARE to cover the drugs under TRICARE Prime and Select, they must also be medically necessary and provided by a network provider. In late 2024, the Department found an oversight. The pharmacy benefits contractor was not checking which TRICARE option beneficiaries were enrolled in when they filled prescriptions for weight loss drugs. To fix this, the Department revised the prior authorization forms to match the law. Since Plaintiff does not challenge the validity of any

1

applicable statute or regulation, when the plain language of the applicable statutes and regulations is reviewed, it is clear that DHA's action at the end of August 2025 to modify an authorization form to inquire which TRICARE plan the beneficiary is enrolled in was a faithful execution of its duties to give full force and effect to each of the valid, applicable statutes and regulations.

While Plaintiff makes abundantly clear that his only challenge is to the DHA's action in August 2025, and not to the enactment or validity of any applicable statutes or regulations, *see*, *e.g.*, [DE 114-1, p. 1], his allegations that Defendants presented new grounds for relief in their reply are devoid of merit.

## ARGUMENT

The Local Rules of the Eastern District of North Carolina do not expressly permit sur-replies. *See* Local Civil Rule 7.1(f), (g); *Freeman v. City of Fayetteville*, 971 F.Supp. 971, 973 n. 1 (E.D.N.C.1997) ("The Local Rules of this court do not allow for the submission of sur-replies."); *First Financial Sav. Bank, Inc. v. American Bankers Ins. Co. of Florida, Inc.*, 1990 WL 157851, at *2 (E.D.N.C. Aug. 28, 1990). While the Court maintains discretion to allow them, a sur-reply is appropriate only when a party "brings forth new material or deploys new arguments in a reply brief." *Adams v. Applied Bus. Servs.*, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019) (internal citation omitted). A sur-reply is most appropriate where the new matter introduced is factual. *US ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). Where a party "seek[s] merely to re-open briefing on the issues raised in Defendants' motion to dismiss and challenge Defendants'

explanations of cited case law[,]" a sur-reply should not be allowed. *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, 566 F.Supp.2d 460, 467 (D.Md. 2008). An opposing party "may not submit a sur-reply simply because Defendants used their reply brief to further support an argument made in their opening brief or to respond to new arguments in [Plaintiff's] opposition." *United States ex rel. Carter v. Halliburton Co.*, 2011 WL 6178878, at *12 (E.D.Va. Dec. 12, 2011), *rev'd on other grounds*, 612 Fed. Appx. 180 (4th Cir. 2015). "[A] sur-reply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties." *Crummey v. Soc. Sec. Admin.*, 794 F.Supp.2d 46, 63 (D.D.C. 2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012). For a sur-reply to be appropriate, the opposing party's reply must have raised "truly new" arguments. *THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co., Ltd. Joint Venture v. Cohen Mohr, LLP*, 301 F.Supp.3d 1, 6 (D.D.C. 2018) (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002))

There is no new evidence or declarations introduced by Defendants in their reply. Nor does he allege that he has not had an opportunity to fully "address" the Administrative Record. As conceded by Plaintiff, he merely wants to "address" Defendants' arguments and citations to authorities in their reply. [DE 114, p. 1]. On that basis alone, and consistent with *Adams*, *US ex rel. Pogue*, *Interphase Garment Solutions, LLC*, and *United States ex rel. Carter*, Plaintiff's motion to file a sur-reply should be denied. *See, e.g.*, *Franklin v. Cleo AI Inc.*, 741 F.Supp.3d 300, 305 (D. Md. 2024) (The party seeking leave to file a sur-reply must demonstrate the need for a

3

sur-reply beyond merely responding to arguments addressed in the opposing party's previous filing.).

I. **"Beyond The Scope" Allegation**

Plaintiff alleges Defendants introduced an entirely new argument or theory for success on the merits when Defendants argued that Plaintiff's arguments were "beyond the scope of the complaint and the relief requested." [DE 112, pp. 2-3]. That is incorrect.

It is a fundamental principle of statutory and administrative law that unchallenged statutes and regulations are entitled to a robust presumption of validity and constitutionality. *See Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993) (Congressional action that neither involves "fundamental rights" nor proceeds along "suspect lines" are accorded a strong presumption of validity.); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971) (an agency's unchallenged actions are entitled to a presumption of regularity); *Pacific States Box & Basket Co. v. White*, 296 U.S. 176, 186 (1935) ("But where the regulation is within the scope of authority legally delegated, the presumption of the existence of facts justifying its specific exercise attaches alike to statutes, to municipal ordinances, and to orders of administrative bodies."); *United States v. Corbin Farm Service*, 444 F.Supp. 510, 516 (E.D. Ca. 1978) (a presumption of validity is due to regulations enacted pursuant to power granted by Congress). In this case, Plaintiff has not raised a facial or as-applied challenge to the validity of any underlying statute or governing regulation. *Compare* [DE 1, p. 4] (request for relief to set aside August 31, 2025 DHA action) *and* [DE 114-

4

1, p. 1] ("Plaintiff challenges a discrete final agency action—the August 2025 plan status exclusion[.]"). Thus, in this case, the applicable statutes and regulations are presumed to be valid and constitutional.

However, in his oppositional briefing, Plaintiff called this an "*ultra vires* case rather than an arbitrary-and-capricious case[,]" [DE 108, p. 6], described 32 C.F.R. § 199.4(g)(28) as an *ultra vires* expansion of 10 U.S.C. § 1079(a)(10), [DE 108, p. 5], that DHA lacked authority to enforce the coverage for GLP-1 drugs, [DE 108, p. 12], and that DHA engaged in *ultra vires* lawmaking, [DE 108, p. 13]. Thus, Plaintiff appeared to pivot from a challenge of a discrete August 2025 action to an impermissible sweeping *ultra vires* attack on regulations implemented years ago.

Defendants' reply highlighted this disconnect. Since Plaintiff does not present facial or as-applied challenges to any applicable statute or regulation, and given the robust presumptions of validity and constitutionality afforded those applicable statutes and regulations, Defendants' argument in reply was not a "new ground for relief"; it was a defense against Plaintiff's attempt to expand the litigation beyond the four corners of his own complaint. Responding to such arguments is the fundamental purpose of a reply and does not constitute grounds to file a sur-reply. *See Canter v. Bog Lots Store, Inc.*, 2014 WL 12603044, at *2 (N.D.Tex. Jan. 6, 2014) ("The purpose of a reply brief under local rule[s]…, is to rebut the nonmovants' response.") (internal citation omitted).

II. **"Mischaracterization" Allegation**

Plaintiff also claims Defendants mischaracterized his argument. [DE 114, pp. 1-2]. Assuming that is correct (which it is not), courts routinely deny such motions when they are used merely to "correct" perceived mischaracterizations of the record or law. *See, e.g.*, *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001) ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion."); *Brown v. Prince George's Cnty.*, 2012 WL 3012573, at *4 (D. Md. July 20, 2012) (refusing to permit sur-reply offered to identify manner in which reply "'mischaracterize[d]' the arguments ... presented in opposition"); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (denying the plaintiff's motion for leave to file a sur-reply in order "to correct what [the plaintiff] perceive[d] to be [d]efendant's misrepresentations" of the record and the law), *aff'd*, 85 F. App'x 960 (4th Cir. 2004); *Thomas v. Artino*, 723 F.Supp.2d 822, 833 n. 2 (D. Md. 2010) (declining to consider a sur-reply that sought to address "Plaintiff's misstatements of facts and law raised for the first time in [the] reply memorandum"); *Courtland Company, Inc. v. Union Carbide Corporation*, 2022 WL 1300767, at *1 (D. Md. Apr. 29, 2022) (efforts to correct mischaracterizations were insufficient to justify a sur-reply).

In any event, there was no mischaracterization. The logical inference from Plaintiff's arguments is that DHA's regulations overwrote § 1079(a)(10). *See, e.g.*, [DE 108, p. 6] (§ 1079(a)(10) "was effectively superseded by NDAA 2017 § 729"). Defendants' reply properly addressed Plaintiff's legal argument–and responding to Plaintiff's legal arguments is the fundamental purpose of a reply.

## CONCLUSION

Plaintiff had a full and fair opportunity to argue his position in his opposition to Defendants' motion to dismiss/summary judgment. The arguments raised in Defendants' reply were a direct response to the issues framed by Plaintiff's complaint and his oppositional briefing. Allowing a sur-reply in this case would not serve to clarify new, unexpected issues, but rather would merely allow the Plaintiff to "sandbag" the Defendants with additional briefing on issues that were already covered. *See, e.g.*, *Meserve*, 268 F. Supp. 2d at 605-06 (a sur-reply is not allowed when the "new" arguments in the reply were actually responses to arguments made by the plaintiff). Consequently, Plaintiff's motion should be denied.

Respectfully submitted this 20th day of February 2026.

            W. ELLIS BOYLE
            United States Attorney

            BY: /s/ Rudy E. Renfer
            RUDY E. RENFER
            Assistant United States Attorney
            Civil Division
            150 Fayetteville Street, Suite 2100
            Raleigh, NC 27601
            Telephone: (919) 856-4530
            Email: rudy.e.renfer@usdoj.gov
            N.C. Bar # 23513
            Attorney for Defendants

<u>CERTIFICATE OF SERVICE</u>

      I do hereby certify that I have this 20th day of February 2026, served a copy of the foregoing upon the below listed party electronically using the CM/ECF system or by placing a copy of the same in the U.S. Mail, addressed as follows:

Derence V. Fivehouse
316 Seaview Drive
Edenton, NC 27932

      BY: <u>/s/ Rudy E. Renfer</u>
RUDY E. RENFER
Assistant United States Attorney
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Email: rudy.e.renfer@usdoj.gov
N.C. Bar # 23513
Attorney for Defendants