IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:25-CV-00041-M

**Derence V. Fivehouse**,

Plaintiff,

v.

**United States Department of Defense** et al.,

Defendants.

**Show Cause Order**

Plaintiff Derence V. Fivehouse has challenged decisions by the United States Department of Defense regarding veterans' health care benefits under the Administrative Procedure Act.

In opposing Fivehouse's motion to supplement the administrative record (D.E. 82), Defendants filed a response signed by Assistant United States Attorney Rudy E. Renfer (D.E. 86). In his reply, Fivehouse asserted that the response brief contained fabricated quotations and misstated the holdings of several cases. Reply at 4–5, D.E. 89.

The court directed Renfer to respond. In a surreply, he stated that he "inadvertently included incorrect citations to case law from this Circuit," attributing the errors to the "inadvertent filing of an unfinalized draft document." Surreply at 1, D.E. 109. He asked the court to strike the disputed quotations and misstatements or to accept what he described as the finalized version of the brief. *Id.* at 3.

Having reviewed the filings in this matter and other submissions by Renfer, the court has serious concerns about the accuracy of certain quotations and representations in Renfer's filings, and the explanation offered for their inclusion.

Accordingly, pursuant to Federal Rule of Civil Procedure 11(b)(2) and the court's inherent authority to regulate the conduct of attorneys appearing before it, the court orders Assistant United States Attorney Rudy E. Renfer to appear and show cause why he should not be sanctioned.

The conduct at issue includes:

1.   The inclusion of fabricated quotations and misstatements of case holdings in Defendants' response to Fivehouse's motion to supplement the administrative record (D.E. 86), including citations to *Ohio Valley Environmental Coalition* v. *Aracoma Coal Co.*, 556 F.3d 177 (4th Cir. 2009), *Dow AgroSciences, LLC* v. *National Marine Fisheries Service*, 637 F.3d 259 (4th Cir. 2011), and *Sierra Club* v. *United States Department of the Interior*, 899 F.3d 260 (4th Cir. 2018).

2.   The inclusion of a fabricated quotation in Defendants' response opposing Fivehouse's motion concerning compliance with Federal Rule of Appellate Procedure 16 (D.E. 79), citing *South Carolina Health & Human Services Finance Commission* v. *Sullivan*, 915 F.2d 129, 130 (4th Cir. 1990).

3.   The inclusion of a fabricated quotation in Defendants' response opposing Fivehouse's motion asking the court to take judicial notice of certain matters (D.E. 80), citing *South Carolina Health & Human Services Finance Commission* v. *Sullivan*, 915 F.2d 129, 130 (4th Cir. 1990).

4.   The inclusion of a fabricated quotation from 32 C.F.R. § 199.21(d) in Defendants' response opposing Fivehouse's motion for a preliminary injunction (D.E. 39).

5.   The inclusion of a fabricated quotation from 32 C.F.R. § 199.21(d) in Defendants' response opposing Fivehouse's motion for summary judgment (D.E. 90).

6. Making false or misleading statements regarding how and why the fabricated quotations and misstatements appeared in D.E. 86. If established, such conduct may implicate North Carolina Rules of Professional Conduct 3.3(a)(1), 8.4(c), and 8.4(d).

If a violation is established, the court may impose any sanction authorized by Rule 11, its inherent authority, or other applicable law. Potential sanctions include, but are not limited to:

- Monetary sanctions, including payment of a fine to the court;

- Payment of costs and reasonable attorney's fees incurred as a result of sanctionable conduct;

- Mandatory continuing legal education;

- Referral for disciplinary proceedings under this court's Local Civil Rules;

- Referral to the North Carolina State Bar for disciplinary proceedings;

- Suspension from practice before this court;

- Initiation of contempt proceedings; or

- Any other appropriate sanction.

Rule 11(c)(1) provides that a law firm must be held jointly responsible for violations committed by its attorneys absent exceptional circumstances. The court therefore orders that a representative of the United States Attorney's Office for the Eastern District of North Carolina appear and show cause why, if the court determines that Renfer violated Rule 11, that Office should not also be held jointly responsible.

The show cause hearing will be held on Tuesday, March 10, 2026, at 4:00 p.m. at the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina.

3

Because of the seriousness of these issues, the court requests that one or more members of the leadership of the United States Attorney's Office attend and participate.

The court also encourages the United States Attorney to review this matter in advance of the hearing and to take any corrective action deemed appropriate. The court will consider any such action in determining whether sanctions are warranted and, if so, their nature.

The Clerk shall send a copy of this Order by email to:

- The United States Attorney for the Eastern District of North Carolina;

- The First Assistant United States Attorney; and

- The Chief of the Civil Division.

Fivehouse may attend the hearing but is not required to do so.

Dated: March 2, 2026

Robert T. Numbers, II
United States Magistrate Judge