IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:25-CV-00041-M-RN

DERENCE V. FIVEHOUSE,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF
DEFENSE, et al.,

     Defendants.

ORDER

This matter comes before the court on the Memorandum and Recommendation issued by United States Magistrate Judge Robert T. Numbers, II [DE 53]. Therein, he recommends that Plaintiff's Motion for Preliminary Injunction [DE 26] and Motions to Expedite and Consolidate Consideration [DE 33, 38] be denied. The M&R, along with instructions and a deadline for filing objections, was served on the parties on November 13, 2025. *See id.* On November 17, 2025, Plaintiff filed a timely objection. *See* DE 55. For the reasons described herein, Plaintiff's objection is overruled, and his motions are denied.

## I.    Background

On August 29, 2025, Derence V. Fivehouse ("Fivehouse") filed this action against the United States Department of Defense, Pete Hegseth, in his official capacity as Secretary of Defense, and David J. Smith, in his official capacity as Director of the Defense Health Agency (collectively, "Defendants") pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* DE 1. He alleged that Defendants had arbitrarily and capriciously amended the

Department of Defense's TRICARE for Life health insurance plan to exclude coverage of certain weight loss medication. *Id.* at ¶ 8.

In the intervening months, Fivehouse filed, among other things, five motions for temporary injunctive relief, *see* DE 4, 6, 15, 17, 26, three motions to expedite and consolidate consideration of the merits, *see* DE 33, 38, 50, and a motion for summary judgment, *see* DE 63. The court denied three motions for temporary restraining orders on the grounds that Fivehouse had not demonstrated a likelihood of irreparable harm, *see* DE 13, 16, and it denied a motion for preliminary injunction because Fivehouse had not, at that time, returned proof of service on Defendants. *See* DE 20. The remaining motions (with the exception of one motion to expedite and consolidate[1]) were referred to Judge Numbers for the preparation of an M&R. *See* Text Orders dated December 30, 2025, and February 5, 2026.

On November 13, 2025, Judge Numbers issued an M&R, recommending that Fivehouse's motion for preliminary injunction and motions to expedite and consolidate be denied because he had not demonstrated a likelihood of irreparable harm. DE 53 at 5. On November 17, 2025, Fivehouse filed a timely objection, *see* DE 55, and on December 1, 2025, Defendants filed a response in opposition to his objection. *See* DE 61. In this posture, the M&R is ripe for review.

## II. Legal Standards

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of

---

[1] The motion to expedite and consolidate filed at DE 50 advances substantially the same arguments made in Plaintiff's prior two motions. *See* DE 33, 38. Accordingly, the court gives all three motions contemporaneous consideration.

2

those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). "[G]eneral and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## III. Discussion

Fivehouse moves to preliminarily enjoin Defendants from implementing and enforcing the August 31, 2025, policy change that removed coverage of Fivehouse's weight loss medication from his TRICARE for Life health insurance plan. DE 26 at 26.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[E]ach of these four factors must be satisfied to obtain preliminary injunctive relief," *Henderson ex rel. NLRB v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018), and "a district court is entitled to deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors." *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023). In this case, Judge Numbers' M&R rested on his analysis of irreparable harm. *See* DE 53 at 5 n.1 ("This opinion expresses no view on whether

3

Fivehouse has satisfied the other elements for a preliminary injunction."). "To establish irreparable harm, the movant must make a 'clear showing' that [he] will suffer harm that is 'neither remote nor speculative, but actual and imminent.'" *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 216 (4th Cir. 2019) (quoting *Direx Israel, Ltd. V. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)). Additionally, the harm must be irreparable, meaning it "cannot be fully rectified by the final judgment after trial." *Id.*

In his motion, Fivehouse recognized that the court had already rejected two theories of irreparable harm, so he advanced a new theory. *Id.* at 23. He argued that irreparable harm exists "when federal agencies discriminate in benefits administration." *Id.* (citing *Texas v. United States*, 787 F.3d 733 (5th Cir. 2015)). Judge Numbers disagreed, finding that *Texas* did not stand for that proposition and that Fivehouse had not otherwise demonstrated irreparable harm. DE 53 at 4. In response, Fivehouse filed four objections. First, he contends that Judge Numbers misapplied the standards for assessing the likelihood of irreparable harm. DE 55 at 2. Second, he contends that Judge Numbers mischaracterized his reliance on *Texas v. United States*. *Id.* at 7. Third, he contends that Judge Numbers failed to consider possible medical consequences. *Id.* at 8. And finally, he contends that Judge Numbers failed to consider that out-of-pocket expenditures would be unrecoverable to Fivehouse because of sovereign immunity. *Id.* On all fronts, the court disagrees.

At the outset, the court notes that Fivehouse's latter two objections are improperly before the court. In his motion for preliminary injunction, Fivehouse expressly acknowledged that he was not "revisit[ing]" his arguments relating to "his personal financial and health" concerns, which this court has previously rejected. *See* DE 26 at 23. Fivehouse has the burden of demonstrating "that he is likely to suffer irreparable harm in the absence of preliminary relief," *see Winter*, 555

4

U.S. at 7, so Judge Numbers did not err in declining to address arguments that Fivehouse did not make and which this court has already rejected. *See* DE 13 (finding that Fivehouse's "identified health concerns" and "out-of-pocket costs" do not "constitute imminent and irreparable harm"). Both objections are accordingly overruled.

Next, the court finds that Judge Numbers did not mischaracterize Fivehouse's reliance on *Texas*. In his objection, Fivehouse states that he "did not invoke *Texas* for any discrimination theory[,]" but rather, he cited to it for the proposition "that financial losses caused by unlawful federal action constitute irreparable harm where there is no mechanism for recovering those losses." DE 55 at 8. The record does not support this position. In Fivehouse's motion, he first cited to *Texas* after stating that "[c]ourts find irreparable harm when federal agencies discriminate in benefits administration." DE 26 at 23. He continued, arguing that "*Texas* reinforces that benefits administration choices can inflict substantial, non-offsetable injury *on those denied equal access.*" *Id.* (emphasis added). This was the entirety of his argument; he did not invoke a theory of financial harm. Indeed, one sentence prior, he expressly stated that he was not advancing such a theory because the court had previously rejected it. *Id.* So, Judge Numbers did not mischaracterize Fivehouse's argument. This objection is overruled.

Neither did Judge Numbers otherwise apply an incorrect legal standard. In *Texas*, the only authority Fivehouse cited in his motion, the Fifth Circuit considered a challenge brought by twenty-six states against the federal government over its Deferred Action for Parents of Americans and Lawful Permanent Residents ("DAPA") program. *See Texas*, 787 F.3d at 743. The district court had preliminarily enjoined the program, and the Fifth Circuit declined to issue a stay. *See id.* In so doing, it found that the federal government had not shown that it was likely to suffer irreparable harm based on alleged "separation of powers and federalism" concerns. *Id.* at 767–66.

5

Conversely, it found that the plaintiff-states had shown that a stay would irreparably harm them because they would have had to distribute driver's licenses and other state benefits to potentially hundreds of thousands of individuals. *Id.* at 768. Absent from the case is any discussion of discriminatory benefits administration. *See generally id.* Judge Numbers accurately recounted this and found that *Texas* was not analogous.

Pivoting in his objection, Fivehouse cites to several cases for the proposition that the "denial or interruption" of a "medically necessary" statutory benefit constitutes irreparable harm.[2] DE 55 at 2. As an initial matter, Fivehouse did not make this argument in his original motion, so it was not error for Judge Numbers not to address it. In any event, the harm recognized in those cases was significantly greater than the harm Fivehouse alleges now. Indeed, they involved plaintiffs facing "a significant risk of institutionalization," *see Pashby v. Delia*, 709 F.3d 307, 322 (4th Cir. 2013); *M.R. v. Dreyfus*, 697 F.3d 706, 726 (9th Cir. 2012), Medicare patients who would otherwise be "forced to forego appropriate treatment," *see Estate of Aitken v. Shalala*, 986 F. Supp. 57, 65 (D. Mass. 1997); *Wilson v. Gordon*, 822 F.3d 934, 958 (6th Cir. 2016), and individuals facing a months-long loss of "food, shelter, or other necessities," *see Kildare v. Saenz*, 325 F.3d 1078, 1083 (9th Cir. 2003). Fivehouse has not made a comparable showing. He advised in a prior filing that he has a net monthly income of $9,777.87 and that his medication costs are between $499 and $2,000 a month. DE 15-1 at 6–7. These figures do not support the conclusion that without health insurance coverage, Fivehouse will have to choose between paying for his medication and forgoing the necessities of life. Moreover, even if he did, he has not demonstrated that the resulting medical consequences would rise to the level demonstrated in the above-cited

---

[2] He also re-raises the financial harm issue, but as the court as already found, that argument was not raised in his motion and is not, therefore, properly before the court.

6

cases. Fivehouse has previously stated that if he did not take his medication, he would "likely regain the weight [he had] lost," but in a declaration submitted by his physician, it appears that Fivehouse had previously lost about three pounds. *See* DE 15-3 at 2. Under these circumstances, the court finds that Judge Numbers accurately applied the correct legal standards and found that Fivehouse had not made a showing of imminent and irreparable harm. This objection is overruled.

## IV.    Conclusion

For these reasons, Plaintiff's objections are OVERRULED. The court has reviewed the remaining portions of the M&R and the record presented, and finding no clear error, ADOPTS the recommendation of the magistrate judge as its own. *See Diamond*, 416 F.3d at 315. For the reasons stated therein, Plaintiff's Motion for Preliminary Injunction [DE 26] and Motions to Expedite and Consolidate Consideration [DE 33, 38, 50] are DENIED.

SO ORDERED this ___18th___ day of May, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

7