RECEIVED
AUG - 3 REC'D
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

NORTHERN DIVISION

FILED
AUG - 3 2026
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ______ DEP CLK

No. 2:25-CV-00041-M-RN

| | | |
|---|---|---|
| DERENCE V. FIVEHOUSE,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF DEFENSE, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) | **PLAINTIFF'S REPLY IN SUPPORT OF OBJECTIONS TO MEMORANDUM AND RECOMMENDATION (D.E. 138)** |

Defendants' Response (D.E. 141) defends the Memorandum and Recommendation ("M&R") almost entirely on procedure: it asks the Court to review five of Plaintiff's seven objections only for clear error, and it stakes the merits on a single premise declared "dispositive of Objections One through Five" – that because Plaintiff "does not challenge" 32 C.F.R. § 199.17(f)(3), the regulation "must stand as it was promulgated" and operates as "the sole exception" to 10 U.S.C. § 1079(a)(10). D.E. 141 at 8. That premise refutes itself: as promulgated, § 199.17 provides that its rules do not apply to TRICARE For Life ("TFL") at all, 32 C.F.R. § 199.17(a)(6)(ii)(C), and the M&R says the same, M&R 3. Beyond that premise, the Response leaves the Objections' principal textual arguments unanswered: it cites no decision construing 10 U.S.C. §§ 1074g, 1086, or 1079(a)(10), or 32 C.F.R. § 199.21. This short reply addresses the standard of review, the Response's self-refuting premise, and the concessions within the Response itself.

## I. THE OBJECTIONS ARE ENTITLED TO DE NOVO REVIEW

Section 636(b)(1) requires a "de novo determination" of "those portions" of an M&R "to which objection is made." 28 U.S.C. § 636(b)(1); *see Elijah v. Dunbar*, 66 F.4th 454, 459-60 (4th Cir. 2023) ("Mandatory de novo review of litigants' objections protects the [Federal Magistrates Act's] otherwise precarious position and 'advances Congress's intent that district judges bear primary responsibility for supervision of federal magistrates' functions.'" (quoting *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019))). "[S]uch review may only be foregone when the parties do not object to the magistrate's recommendation." *Elijah*, 66 F.4th at 460. An objection suffices if it is "sufficiently specific to reasonably alert" the Court "of the true ground for the objection." *Id.* at 460.

*Accord United States v. Sharpe*, No. 5:23-CV-00353-M, 2026 WL 1399922, at *5 (E.D.N.C. May 19, 2026) (Myers, C.J.) (stating that specific objections require de novo review).

Each of Objections 2 through 6 does exactly that -- indeed, each opens with a section captioned "Portions objected to" that identifies the M&R pages and rulings at issue. D.E. 138 at 6, 13, 20, 26, 27. Objection 2 targets the holding that it was "providing coverage for TFL beneficiaries . . . that exceeded the Department's authority" and the M&R's construction of §§ 1086 and 1097(b) (M&R 8-9); Objection 3, the holding that § 1074g(i)(1) conditions pharmacy eligibility on an antecedent "legal entitlement" to the particular drug (M&R 10); Objection 4, the holding that Plaintiff challenged the wrong agency action and that no relief is available (M&R 8-9); Objection 5, the declaration that prior TFL coverage exceeded the Department's authority (M&R 8, 13); Objection 6, the arbitrary-and-capricious holding (M&R 11-12).

Defendants' own Response settles the question. It enumerates each objection's page-specific target, D.E. 141 at 5, and then addresses each objection "seriatim." Id. at 9-16. A Response that purports to answer each objection point-by-point concedes that the Court has been reasonably alerted to the ground of each. The cases Defendants invoke involved nothing like Plaintiff's D.E. 138: *United States v. Midgette*, 478 F.3d 616, 621-22 (4th Cir. 2007), held that § 636(b)(1) does not permit a generalized objection to preserve every issue and requires an objection directed to the particular finding or recommendation challenged; *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), involved the failure to object specifically to the recommendation's disposition of a particular claim.

Nor do the Objections "merely repeat" the summary-judgment briefing. They are directed at reasoning that did not exist until the M&R was filed: the recommendation of judgment as a matter of law on a question the M&R "assumes, without deciding" (M&R 7 n.5); the attribution of § 1086(a)'s parity language to § 1086(d), with the statute's plural "plans" restated as a singular "same plan" rule (M&R 9); the "legal entitlement" construction of § 1074g(i)(1) (M&R 10); and the threshold wrong-action holding (M&R 8-9). Objections addressed to the M&R's specific analysis are the opposite of general. *See* D.E. 138 at 4-6 (Objection 1), 6-13 (Objection 2), 13-20 (Objection 3), 20-26 (Objection 4).

Finally, the standard of review is no escape from these errors. Even on clear-error review, it is error apparent on the face of the record to quote one statutory subsection while citing another, compare M&R 9 with 10 U.S.C. § 1086(a), (d), and to recommend judgment as a matter of law on a dispositive question of statutory scope the M&R expressly declined to decide, M&R 7 n.5. And Defendants concede that Objections 1 and 7 receive de novo review in any event. D.E. 141 at 5-6.

## II. DEFENDANTS' "DISPOSITIVE" PREMISE IS REFUTED BYTHE REGULATION IT INVOKES

Defendants reason: Plaintiff does not challenge § 199.17(f)(3); therefore "the regulation must stand as it was promulgated;" therefore it is "the sole exception" to § 1079(a)(10); therefore weight-management coverage "was legally authorized only for TRICARE Prime and Select beneficiaries." D.E. 141 at 8. Take the premise on its own terms. As promulgated, § 199.17 provides:

> TRICARE for Life is the Medicare wraparound coverage plan under 10 U.S.C. 1086(d). Rules applicable to this plan are *unaffected by this section*; they are generally set forth in §§ 199.3 (Eligibility), 199.4 (Basic Program Benefits), and 199.8 (Double Coverage).
> 32 C.F.R. § 199.17(a)(6)(ii)(C) (emphasis added).

A regulation that by its express terms does not apply to TFL cannot be the legal instrument that categorically excludes TFL from coverage the statutes themselves do not withhold. The M&R highlights the point: "Section 199.17 notes that the benefits for TFL beneficiaries are not affected by the regulations promulgated after the 2017 NDAA." M&R 3. Defendants' syllogism requires § 199.17(f)(3) to have negative legal effect on TFL -- to be the impenetrable barrier to TFL access to weight-loss drugs regardless of medical condition -- but § 199.17's own text, and the M&R's description of it, foreclose any effect on TFL, in either direction. TFL pharmacy coverage therefore rises or falls on the provisions that do govern it: 10 U.S.C. § 1074g and 32 C.F.R. § 199.21 for the pharmacy benefit, and §§ 199.3, 199.4, and 199.8 for the medical benefit. D.E. 138 at 2-4, 13-20. The Objections pressed this exact contradiction: the M&R cannot hold both that § 199.17(f)(3) "established" the plan distinction (M&R 8) and that § 199.17 does "not affect" TFL benefits (M&R 3). D.E. 138 at 20-26 (Objection 4(c)(1)).

To the extent Defendants mean something narrower -- that § 199.17(f)(3) does not itself exclude TFL, but that its silence leaves TFL subject to an independent § 1079(a)(10) and § 199.4 bar -

- the conclusion still requires proof of the independent bar. Section 199.17(f)(3) contains no "sole exception" language, and its silence cannot answer a TFL pharmacy question that § 199.17 expressly leaves to other provisions. Those provisions are § 1074g and § 199.21, and § 199.21(a)(3)(iii)'s narrow condition -- agents "used exclusively" in "expressly excluded" treatments -- is not satisfied, as shown below. The Objections pressed the same point: the Rule's silence as to TFL cannot supply exclusionary authority. D.E. 138 at 6-13 (Objection 2).

Plaintiff's argument is no "new twist." D.E. 141 at 7. The Complaint pleaded it from the outset: "The regulation also states that TFL rules are unaffected by § 199.17 and are governed elsewhere." Compl. ¶ 12, D.E. 1 at 3. Plaintiff's claim has always challenged agency action -- the August 31, 2025 application of a § 199.17 plan-type screen to a benefit § 199.17 does not govern -- not the rule. 5 U.S.C. § 704. The remedy follows: not a "rewrite" of any regulation, but vacatur of the unlawful action, which restores § 199.17(f)(3) to its own stated scope. D.E. 108 at 6, 33. The threshold holding (M&R 8-9), and Defendants' responses to Objections 1 and 4 built upon it, fail with the premise. The Objections developed Plaintiff's the action-not-rule frame and the restoration remedy in full. D.E. 138 at 20-26 (Objection 4).

Defendants' narrative that the 2017 rule "included extra benefits, like coverage for weight loss drugs for TRICARE Prime and Select beneficiaries," D.E. 141 at 7, fails to acknowledge the statute the rule implements. The rule's text recites that coverage of obesity treatment operates under §§ 706 and 729 of the 2017 NDAA, "notwithstanding 10 U.S.C. 1079(a)(10)." 32 C.F.R. § 199.17(f)(3); 82 Fed. Reg. 45,438, 45,442 (Sept. 29, 2017); AR 2675. Congress defined whom those programs reached. Section 729(f) adopts § 1072's definitions of "covered beneficiary" and "TRICARE program," while § 706(d) adopts § 1072's definition of "covered beneficiary." Under § 1072, the TRICARE program includes TRICARE Prime, TRICARE Select, and TRICARE for Life. 10 U.S.C. § 1072(5), (7), (13); *see* M&R 3 (§ 729 required a program encouraging "covered beneficiaries" to receive interventions for chronic diseases including obesity). Yet, in the M&R and the Government's account, TFL disappears from the statute. The words "Prime" and "Select" appear nowhere in § 729 -- except in the Government's telling. D.E. 64 at 13. *Accord* D.E. 138 at 6-13 (Objection 2) (§§ 729(f), 706(d); § 1072 definitions). The benefit Defendants call "extra" was Congress's authorization for a

defined beneficiary class that includes TFL; DHA chose to implement it only through the Prime and Select plans that § 1097 managed-care contracting governs. The Government's factual narrative beginning with the 2018 implementation omits § 729's beneficiary-class language and assumes the very plan confinement it has not proved (and is inconsistent with Defendants' own actions until the 2025 policy change).

Defendants' alternative "coextensive" reading of § 199.21(a)(3) proves too much. D.E. 141 at 11-12. Subparagraph (a)(3)(i) is an "availability" guarantee -- the formulary "will assure the availability" of agents in the complete range of therapeutic classes -- not an exclusion. The exclusion authority is (a)(3)(iii), and it operates only on agents "used exclusively" in treatments "expressly excluded . . . by statute or regulation." Neither condition is met: the agents at issue are multi-indication -- a point the Response does not contest -- and NDAA 2017 § 729 authorized treatment of obesity notwithstanding § 1079(a)(10) for covered beneficiaries as § 1072 defines them, a class of beneficiaries that includes TFL. The pharmacy program's own history refutes the reading as well: after § 729, the Pharmacy and Therapeutics Committee placed the weight-loss class on the uniform formulary, AR 25-29 -- a placement § 199.21(a)(3)(iii) forbids for excluded agents. And if the pharmacy benefit were truly coextensive with the § 199.4 medical benefit, weight-loss agents could not be formulary-listed or cost-shared for any beneficiary -- § 199.4(g)(28) draws no plan distinctions -- yet Defendants acknowledge that Prime and Select beneficiaries receive these agents through the pharmacy program. D.E. 141 at 7. The reading offered to exclude TFL would undermine Defendants' own Prime/Select program. *See* D.E. 138 at 13-20 (Objection 3(c)(1), (c)(5)) (P&T placement history; § 199.21(a)(3)(iii) as the sole exclusion conduit).

## III. DEFENDANTS' OWN FILINGS RESOLVE THE ARBITRARY-AND-CAPRICIOUS OBJECTION

Footnote 2 of the Response "disagrees with the M&R language" on "whether there was an actual change in policy," describing the August 2025 action as "not a new policy, or even a change to an existing policy" but one that "simply corrected an oversight of implementation." D.E. 141 at 2 n.2. Defendants call the disagreement "minor," but the "change in policy" characterization is the M&R's operative frame: according to the magistrate judge, "[t]he policy change aligned the Defense Health

Agency's policy with the governing statute[s]," M&R 2; the statutory-authority section is captioned "the Challenged Policy Change," M&R 7; and the Conclusion holds "[t]he policy change Fivehouse challenged was necessary," M&R 13. Defendants cannot ask the Court to adopt "in full," D.E. 141 at 4, an M&R whose operative "change in policy" characterization they dispute. The Objections catalogued those change findings. D.E. 138 at 20-26 (Objection 4(c)(1)) (citing M&R 2, 4, 5, 7, 8, 11-13).

The concession independently confirms the change-of-position problem at the core of Objection 6. An "oversight of implementation" corrected after eight years of contrary administration is a discretionary choice, and the eight years of practice it disavows was the agency's own operative construction of the governing statutes and regulations -- which it only altered following improvements in the efficacy and utilization of weight-loss drugs. An agency changing course must "display awareness that it is changing position" and address the reliance its prior position engendered -- here involving at least 26,568 TFL beneficiaries, AR 2704. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515-16 (2009); *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221-22 (2016); *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30-33 (2020). The M&R's contrary ground -- "[i]t cannot be arbitrary or capricious for the Department to align its policy with the law," M&R 12 -- assumes the law compelled the outcome. The governing regulation's own text refutes the compulsion: coverage of obesity treatment operates "[u]nder the authority of 10 U.S.C. § 1097" and "notwithstanding 10 U.S.C. 1079(a)(10)." 32 C.F.R. § 199.17(f)(3); *accord* D.E. 90 at 6. Section 1097(a) is discretionary -- the Secretary "may contract" -- and an exclusion adopted under discretionary authority is not compelled by law, whatever "ministerial duty" Defendants claimed below, D.E. 90 at 17-18. Whether DHA calls the action a policy change or the correction of an implementation oversight, it terminated an eight-year practice on which Plaintiff and thousands of other beneficiaries had established reasonable reliance interests, and the agency cannot avoid acknowledging that change and addressing reliance simply by relabeling it. Nor can the July 3, 2025 Decision Paper (AR 2675-79) retroactively supply the grounds for the March and April directives that had already announced and initiated the TFL exclusion. *SEC v. Chenery Corp.*, 332 U.S. 194, 196

(1947). *See also* D.E. 138 at 6-13 (Objection 2) (§ 1097 discretion; "ministerial duty"); *id.* at 27-33 (Objection 6) (change of position; timeline).

## IV. DEFENDANTS DO NOT ANSWER OBJECTION 7 OR CARRY THEIR OWN BURDEN ON THE CROSS-MOTION

Defendants concede that Objection 7 receives de novo review, D.E. 141 at 5, yet answer it only by repeating footnote 6's waiver label. That label fails on the M&R's own terms: footnote 6 describes the disputed points as "two additional arguments to support his § 706(a)(2)(C) claim," M&R 11 n.6. Federal pleading rules do not require a complaint to state every legal theory supporting an adequately pleaded claim. *Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014) (per curiam). Defendants had notice and briefed the points on the merits below, D.E. 90 at 11-13, and the objection develops the point fully, D.E. 138 at 34-35 (Objection 7(c)(1)).

More fundamentally, waiver cannot carry Defendants' burden on their own cross-motion. Section 1079(a)(10) bars treatment only "if obesity is the sole or major condition treated" -- a conditional, patient-specific predicate that even the M&R's conclusion preserves, M&R 12-13 ("solely or primarily"). The unrebutted treating-physician record showed Plaintiff was overweight (BMI 27.8) with obstructive sleep apnea, hypertension, dyslipidemia, and non-alcoholic fatty liver disease, and that Wegovy remained medically necessary to treat his overweight with comorbidities. D.E. 15-3 ¶¶ 3-5. Defendants themselves told the court that Plaintiff is "not even obese." D.E. 90 at 20. *Cf. Sharpe*, 2026 WL 1399922, at *10 (rejecting a summary-judgment movant's attempt to attribute a factual discrepancy to the nonmovant where the discrepancy arose between exhibits submitted with the movant's own statement of facts). The Response addresses none of this: it identifies no individualized determination that the statutory predicate is met and no basis on which Defendants carried their Rule 56 burden. Even if the Court rejected every procedural component of Objection 7, that record independently precludes judgment for Defendants. *See* D.E. 138 at 38-40 (Objection 7(c)(5)).

## V. WHAT THE RESPONSE DOES NOT DISPUTE

The Response nowhere addresses: § 1086(a)'s parity command phrased in the plural -- "plans" -- or the M&R's misattribution of § 1086(a)'s text to § 1086(d) (Objection 2); the circularity of construing § 1074g(i)(1)'s "eligible covered beneficiary" to require the very drug entitlement in

dispute (Objection 3); or how multi-indication GLP-1 agents accessible to Prime/Select beneficiaries could be "used exclusively" in an excluded treatment -- the Response quotes § 199.21(a)(3)(iii) but never explains how multi-indication GLP-1 agents satisfy that condition. Nor does it address the record showing the § 729 interpretation was squarely challenged below, D.E. 64 at 13; D.E. 108 at 20-21 -- the record footnote 5 overlooked. Defendants also misstate Objection 5: it does not argue that an unlawful prior practice must continue; it challenges the M&R's unnecessary affirmative declaration that the prior practice was unlawful -- a declaration resting on the statutory premise the M&R expressly declined to decide. M&R 7 n.5, 8. The Response does not mention *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). The Response itself cites no decision construing the M&R-specific statutory questions, and incorporation of pre-M&R briefing, D.E. 141 at 4, 6, 9, cannot answer constructions and holdings that first appeared in the M&R. Because 28 U.S.C. § 636(b)(1) requires de novo determination of the portions specifically objected to, the Court must address the statutory constructions identified in the Objections. *See* D.E. 138 at 6-13 (Objection 2), 13-20 (Objection 3), 4-6 (Objection 1), 26-27 (Objection 5).

## CONCLUSION

For these reasons and those stated in the Objections (D.E. 138), the Court should decline to adopt the Memorandum and Recommendation, sustain the Objections, grant Plaintiff's motion for summary judgment (D.E. 63), and deny Defendants' motion (D.E. 92).

Respectfully submitted this 3d day of August, 2026.

Derence V. Fivehouse
Plaintiff, appearing pro se
316 Seaview Drive
Edenton, NC 27932
Telephone: (703) 220-3227
Email: derencefivehouse@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 3, 2026, I filed the foregoing with the Clerk of Court. Upon docketing, the Court's CM/ECF system will send notice to all registered counsel of record, including Neal I. Fowler, Assistant United States Attorney, 150 Fayetteville Street, Suite 2100, Raleigh, NC 27601, neal.fowler@usdoj.gov, counsel for Defendants.

Derence V. Fivehouse