IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:25-CV-00041-M

| | | |
|---|---|---|
| DERENCE V. FIVEHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER FOR SUPPLEMENTAL BRIEFING |
| | ) | |
| UNITED STATES DEPARTMENT OF DEFENSE, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

This matter comes before the court *sua sponte*. On review of the filings and recent Memorandum and Recommendation [DE 134] in this case, the court has identified two possible grounds for dismissal for lack of subject matter jurisdiction: (1) Plaintiff does not appear to have Article III standing; and (2) Plaintiff does not appear to challenge an "agency action" fit for judicial review, which deprives this court of jurisdiction under the Administrative Procedure Act ("APA"). Neither have been addressed by the parties or the magistrate judge.

The party invoking federal jurisdiction has the burden of establishing the three elements of standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Those elements are injury in fact, causation, and redressability. *Id.* at 560–61. For the third element, a party must show that it is "likely," as opposed to "speculative," that a favorable decision would redress his injury. *Id.* at 560. "A plaintiff faces a related obstacle to establishing . . . redressability when there exists an unchallenged, independent rule, policy, or decision that would prevent relief even if the court were to render a favorable decision." *See Doe v. Va. Dep't of State Police*; 713 F.3d 745, 756 (4th Cir. 2013) (noting as an example that "where an unchallenged regulation would prevent a plaintiff from installing a billboard even if we struck down the challenged regulation, we have found redressability lacking." (citing *Covenant Media of S.C., LLC v. City of N. Charleston*, 493 F.3d 421, 430 (4th Cir.

2007))); *see also Delta Constr. Co. v. EPA*, 783 F.3d 1291, 1296 (D.C. Cir. 2015) ("Because a separate action—NHTSA's standards—independently cause[d] the same alleged harm as the challenged action," plaintiffs could not establish the "necessary causal connection between the EPA standards and their purported injury.") (internal quotations omitted). Though the other elements may be met, if redress "depend[s] on a host of contingencies the Court [cannot] address," the party lacks standing. *See Crutchfield v. U.S. Army Corps of Eng'rs.*, 230 F.Supp.2d 687, 698 (E.D. Va. 2002).

In the Complaint, Plaintiff "challenges the Defense Health Agency's ("DHA") August 31, 2025 policy change that excludes TRICARE For Life ("TFL") beneficiaries from coverage of GLP-1 medications." DE 1 at 2. He requests two forms of relief: setting aside the August 2025 policy, and "injunctive relief enjoining Defendants from enforcing the exclusion and requiring Defendants to maintain or restore coverage under the pre-August 31, 2025 prior-authorization criteria." *Id.* at 4.

Yet, Plaintiff has made clear that he does not challenge 10 U.S.C. § 1079(a)(10) or 32 C.F.R. § 199.17(f)(3). *See id.* at 5–6; DE 64 at at 32–33; DE 108 at 33; DE 138 at 5. Both exclude TFL beneficiaries from coverage for GLP-1 medication, if the sole purpose is for treating obesity. *See* 10 USC § 1079(a)(10) ("Treatment of obesity may not be provided if obesity is the sole or major condition treated."); 32 C.F.R. § 199.17(f)(3) ("[N]otwithstanding 10 U.S.C. 1079(a)(10), treatment of obesity is covered under TRICARE Prime and TRICARE Select even if it is the sole or major condition treated."). Two separate authorities therefore bar the exact relief Plaintiff seeks as a TFL beneficiary: coverage of GLP-1 medications that solely treat obesity.[1] Even if the court were to set

[1] 32 C.F.R. § 199.4 also "set[s] forth" the rules specific to TFL. 32 C.F.R. § 199.17(a)(6)(ii)(C). § 199.4(g) lists "exclusions and limitations" to TFL coverage. § 199.4(g)(28) explicitly excludes "[s]ervice and supplies related 'solely' to obesity or weight reduction or weight control." Plaintiff is subject to this prohibition as a TFL beneficiary. The court notes that § 199.4(g)(28) alone bars relief.

aside the August 2025 policy and "restore" the prior-authorization criteria [*see*, *e.g.*, AR2343], these authorities and their import remain.

In other words, the court can only redress Plaintiff's injury if it rewrites both 32 § C.F.R. 199.17(f)(3) and 10 U.S.C. § 1079(a)(10). This is impermissible for several reasons. First, as discussed above, the court believes that Plaintiff lacks Article III standing. Standing is "perhaps the most important" requirement of justiciability, *Allen v. Wright*, 468 U.S. 737, 750 (1984), and the Supreme Court has "always insisted on strict compliance" with it. *Raines v. Byrd*, 521 U.S. 811, 819 (1997). Second, Plaintiff does not ask the court for such a sweeping remedy. *See Lawson v. Union Cnty. Clerk of Ct.*, 828 F.3d 239, 253 (4th Cir. 2016) (noting that a court must "exercise caution before granting a party relief she did not seek.").

Lastly, with respect to the second deficiency in the pleadings, the court believes that it lacks APA jurisdiction over this matter. The APA waives the federal government's sovereign immunity for a limited class of suits, brought by "a person suffering legal wrong because of agency action" to obtain relief "other than money damages." 5 U.S.C. § 702. Judicial review under the APA is limited to "final agency actions." 5 U.S.C. § 704. A final agency action generally has two components. It must be "circumscribed" and "discrete," *Norton v. S. Utah Wilderness All. (SUWA)*, 542 U.S. 55, 62 (2004); and it must "determin[e] rights and obligations," *Clear Sky Car Wash LLC v. City of Chesapeake*, 743 F.3d 438, 445 (4th Cir. 2014).

However, "a further limit applies" when a claim seeks to "compel agency action" under § 706(1) of the APA, rather than set agency action aside under § 706(2). *City of N.Y. v. U.S. Dep't of Def.*, 913 F.3d 423, 432 (4th Cir. 2019). Under § 706(1), a court can only compel agency action that was "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). As the Supreme Court has explained, § 706(1) requires that the plaintiff identify action that is "legally required." *SUWA*, 542 U.S. at 63. "Just like the traditional mandamus remedy from which this provision is derived,

claims to compel agency action are 'limited to enforcement of "a specific, unequivocal command,"' over which an official has no discretion." *City of N.Y.*, 913 F.3d at 432 (first quoting *SUWA*, 542 U.S. at 63, then quoting *ICC v. New York, N.H. & H.R. Co.*, 287 U.S. 178, 204 (1932)); *see also Village of Bald Head Island v. U.S. Army Corps of Eng'rs.*, 714 F.3d 186, 195 (4th Cir. 2013) (noting that § 706(1) "empower[s] a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing *how* it shall act.'") (citations omitted).

Plaintiff first asks the court to "set aside DHA's August 31, 2025 policy," which falls squarely under § 706(2). DE 1 at 4. However, Plaintiff also requests "injunctive relief enjoining Defendants from enforcing the exclusion and requiring Defendants to maintain or restore coverage under the pre-August 31, 2025 prior-authorization criteria." *Id.* The court construes this as a request to compel agency action under § 706(1). *See NAACP v. Bureau of the Census*, 945 F.3d 183, 190 (4th Cir. 2019) (noting that claims were "styled as" claims to set aside agency action, but in "essence," alleged that the agency was "not doing enough . . . and must be compelled to do more"). Plaintiff has not offered authority specifically and unequivocally commanding that TFL beneficiaries must receive coverage for GLP-1 medications solely to treat obesity. Rather, the authorities before this court state the opposite. *See*, *e.g.*, 10 U.S.C. § 1079(a)(10) ("Treatment of obesity may not be provided if obesity is the sole or major condition treated."); 32 C.F.R. § 199.17(f)(3) ("[N]otwithstanding 10 U.S.C. 1079(a)(10), treatment of obesity is covered under TRICARE Prime and TRICARE Select even if it is the sole or major condition treated."); 32 C.F.R. § 199.4(g)(28) (excluding from TFL coverage "service and supplies related 'solely' to obesity or weight reduction or weight control"). Absent other evidence, the court has no jurisdiction under which it can even consider awarding the relief sought.

The court also notes that, even if it were to solely consider Plaintiff's § 706(2) claim, the same Article III standing deficiency underlying this entire suit would again bar jurisdiction. As it appears to the court, Plaintiff's injury *cannot* be redressed without the injunctive relief requested under § 706(1). Assuming *arguendo* that the court sets aside the August 2025 policy, Plaintiff would still be subject to 10 U.S.C. § 1079(a)(10), 32 C.F.R. § 199.17(f)(3), and indeed, 32 C.F.R. § 199.4. These authorities, which Plaintiff does not challenge, prevent him from receiving the desired GLP-1 coverage. Without extraordinary injunctive action from this court to override them, Plaintiff's injury as pled cannot be cured. Simply put, if Plaintiff is unable to meet the requirements of § 706(1), he is unable to satisfy the Article III standing requirement.

The court believes that the above pleading deficiencies demonstrate that it lacks subject matter jurisdiction in this case. The court ORDERS the parties to provide, in writing, their positions on this issue. The parties shall file these supplemental briefs, which shall be no longer than ten (10) pages in length, on or before December 4, 2026.

SO ORDERED this 12th day of November, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE